**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Hunter G Benharris
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SERGE RODRIGUE, individually and on behalf of all others similarly situated,** | |
| **Plaintiff,** | **No:** |
| -against- | |
| **LOWE'S HOME CENTERS, LLC, and LOWE'S COMPANIES, INC.** | **CLASS ACTION COMPLAINT** |
| **Defendants.** | |

Serge Rodrigue ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1.      This lawsuit seeks to recover untimely wage compensation and other damages for Plaintiff and similar hourly customer services associates, specialists, stockers and other similar manual labor positions (collectively, "Manual Workers") who work or have worked as manual workers for Lowe's Home Centers, LLC and Lowe's Companies, Inc. (collectively, "Lowe's" or "Defendants") in New York State.

2.      Headquartered in Mooresville, North Carolina, Lowe's provides home improvement retail items at their stores throughout New York.

3.     Lowe's operates approximately 70 locations in New York and employs approximately 10,000 people in New York State, a majority of whom are Manual Workers.

4.     At all relevant times, Defendants have compensated Plaintiff and all other Manual Workers on a bi-weekly basis.

5.     Despite being manual workers, Defendants have failed to properly pay Plaintiff and other Manual Workers their wages within seven calendar days after the end of the week in which these wages were earned.

6.     In this regard, Defendants have failed to provide timely wages to Plaintiff and all other similar Manual Workers.

7.     Plaintiff brings this action on behalf of himself and all other similar Manual Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 191, 195. ("NYLL").

**THE PARTIES**

**Plaintiff**

**Serge Rodrigue**

8.     Serge Rodrigue ("Rodrigue") is an adult individual who is a resident of the State of New York.

9.     Rodrigue has been employed by Lowe's as a "Customer Service Associate" from on or about May 2016 to the present date.

10.     Rodrigue is a covered employee within the meaning of the NYLL.

**Defendants**

**Lowe's Home Centers, LLC**

11.     Lowe's Home Centers, LLC is a foreign business corporation organized and

existing under the laws of North Carolina.

12.     Lowe's Home Centers, LLC's principal executive office is located at 1000 Lowe's Boulevard, Mooresville, North Carolina 28117.

13.     Lowe's Home Centers, LLC was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similar employees.

14.     Lowe's Home Centers, LLC has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

15.     Lowe's Home Centers, LLC applies the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

**Lowe's Companies, Inc.**

16.     Lowe's Companies, Inc. is a foreign business corporation organized and existing under the laws of North Carolina.

17.     Lowe's Companies, Inc.'s principal executive office is located at 1000 Lowe's Boulevard, Mooresville, North Carolina 28117.

18.     Lowe's Companies, Inc. was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similar employees.

19.     Lowe's Companies, Inc. has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

20.     Lowe's Companies, Inc. applies the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures

with respect to payment of wages.

## JURISDICTION AND VENUE

21.     This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendants in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

22.     The members of the proposed class are citizens of states different from that of Defendants.

23.     There are over 100 members in the proposed class.

24.     Defendants are subject to personal jurisdiction in New York.

25.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants conduct business in this District.

## NEW YORK CLASS ACTION ALLEGATIONS

26.     Plaintiff brings the First and Second Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as Manual Workers for Lowe's Home Centers, LLC and/or Lowe's Companies, Inc. in New York between February 28, 2014 and the date of final judgment in this matter (the "New York Class").

27.     The members of the New York Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

28.     There are more than one hundred members of the New York Class.

29.     Plaintiff's claims are typical of those claims that could be alleged by any member

4

of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions.

30.     Plaintiff and the New York Class have all been injured in that they have been compensated in an untimely manner due to Defendants' common policies, practices, and patterns of conduct.  Defendants' corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the New York Class.

31.     Plaintiff is able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the New York Class.

32.     Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiff and classes in wage and hour cases.

33.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

34.     Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following:

> (a) whether Defendants compensated Plaintiff and the New York
>     Class on a timely basis;

(b) whether Defendants failed to furnish Plaintiff and the New York Class with an accurate statement of wages, as required by the NYLL.

## PLAINTIFF'S FACTUAL ALLEGATIONS

35. Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Serge Rodrigue**

36. Rodrigue has been employed by Lowe's as a "Customer Service Associate" from on or about May 2016 to the present date.

37. During his employment, Rodrigue has worked for Defendants in their store located at 5603 Avenue U, Brooklyn, NY 11234.

38. During his employment, over twenty-five percent of Rodrigue's duties were physical tasks, including but not limited to: (1) stocking shelves; (2) lifting and stacking boxes; (3) unpacking boxes; (4) carrying trash to the compactor; (5) sweeping floors; and (6) arranging inventory.

39. Despite regularly spending more than twenty-five percent of his shift performing these physical tasks, Rodrigue has been compensated by Defendants on a bi-weekly basis.

40. For example, for the week beginning on June 15, 2019 and ending June 28, 2019, Rodrigue was paid his lawfully earned wages on July 5, 2019. *See* **Exhibit A**, Rodrigue Paystub.

41. In this regard, Defendants failed to pay Rodrigue his wages earned from June 15, 2019 through June 22, 2019 by June 29, 2019, as required by NYLL § 191(1)(a).

42. Throughout his employment, Defendants failed to provide Rodrigue with accurate wage statements as required by the NYLL.

## FIRST CAUSE OF ACTION
### New York Labor Law – Failure to Pay Timely Wages
### (Brought on behalf of Plaintiff and the New York Class)

43.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

44.     The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiff and the New York Class.

45.     Defendants failed to pay Plaintiff and the New York Class on a timely basis as required by NYLL § 191(1)(a).

46.     Due to Defendants' violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendants the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## SECOND CAUSE OF ACTION
### New York Labor Law – Failure to Provide Accurate Wage Statements
### (Brought on behalf of Plaintiff and the New York Class)

47.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

48.     Defendants failed to supply Plaintiff and the New York Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked per week, including overtime hours worked if

applicable; deductions; and net wages.

49.     Due to Defendants' violations of NYLL § 195(3), Plaintiff and the New York Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.      Designation of Plaintiff as representative of the NY Rule 23 Class and counsel of record as Class Counsel;

C.      Liquidated damages permitted by law pursuant to the NYLL.

D.      Statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiff and the NY Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article § 198;

E.      Prejudgment and post-judgment interest;

F.      Reasonable attorneys' fees and costs of the action; and

G.      Such other relief as this Court shall deem just and proper.

Dated: New York, New York
       February 28, 2020

Respectfully submitted,

Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Hunter G Benharris
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiff and
the Putative Class*