

Seyfarth Shaw LLP

620 Eighth Avenue
New York, New York 10018
T (212) 218-5500
F (212) 218-5526

hwexler@seyfarth.com
T (212) 218-3332

www.seyfarth.com

April 22, 2020

The Hon. Rachel P. Kovner
United States District Court Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Rodrigue v. Lowe's Home Centers, LLC et al.* **Case No.: 1:20-cv-01127 (RPK)(RLM)**

Dear Judge Kovner:

We represent Lowe's Home Centers, LLC and Lowe's Companies, Inc. (collectively, "Defendants") in the above-referenced matter. In accordance with Rule IV(A) of Your Honor's Individual Practice Rules, we respectfully submit this pre-motion conference letter in connection with Defendants' anticipated motion to dismiss Plaintiff Serge Rodrigue's ("Plaintiff") Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff has been employed by Lowe's Home Centers, LLC as a "Customer Service Associate" since around May 2016. (Comp. ¶ 9). On February 28, 2020, Plaintiff filed the instant Complaint, on behalf of himself and all others similarly situated, alleging: (1) failure to pay timely wages under the New York Labor Law ("NYLL"); and (2) failure to provide accurate wage statements under NYLL. (ECF Docket No. 1).

### Count I Should Be Dismissed as Plaintiff Fails to State Valid Causes of Action for Failure to Provide Timely Wages

Count I of the Complaint alleges "Defendants failed to pay Plaintiff and the New York Class on a timely basis as required by NYLL § 191(1)(a)." (Comp. ¶ 45).

As an initial matter[1], violations of this provision in the NYLL are enforced solely by the New York Commissioner of Labor pursuant to the administrative procedure codified at NYLL § 218, and the statute contains no private right of action permitting Plaintiff to bring this action. The only remedy for untimely payment of wages envisioned by the law is for the Commissioner of Labor to levy fines. A plain reading of NYLL § 191(1) demonstrates that there is no provision setting forth damages when an employer fails to timely compensate employees. Plaintiff seems to rely on NYLL § 198 to provide a remedy for violations of NYLL § 191. His reliance on NYLL § 198 is improper. (Comp. ¶ 46). NYLL § 198 provides for recovery of "the full amount of any

---

[1] Defendants do not concede that Plaintiff, and the purported class he seeks to represent, are "manual workers" under the Labor Law entitled to weekly payment of wages under NYLL § 191(1)(a) absent authorization from the Commissioner of Labor allowing alternate pay frequency.

63396612v.2



underpayment" plus "an additional amount as liquidated damages equal to one hundred percent of the total amount of wages **found to be due**." (emphasis added).  Thus, NYLL § 198 provides a remedy for an "underpayment." In this instance, Plaintiff's payment was paid but he alleges it was delayed.  A delayed payment is not an underpayment. Plaintiff has no private right of action through NYLL § 198 since Plaintiff does not, and indeed cannot, allege an underpayment.

Defendants anticipate that Plaintiff will rely on a decision in the Eastern District of New York in a case entitled *Scott v. Whole Foods Mkt. Grp., Inc.*, No. 18-cv-0086, 2019 U.S. Dist. LEXIS 61726 (E.D.N.Y. April 9, 2019). In fact, *Scott* was an outlier decision as it analyzed the relevant laws in a manner which conflicts with other decisions in this District, and other decisions issued by New York state courts.  For example, in *Hussain v. Pakistan Int'l Airlines*, No. 11-CV-932, 2012 U.S. Dist. LEXIS 152254 (E.D.N.Y. Oct. 23, 2012), the court denied plaintiff's motion for summary judgment and held that no private right to sue exists for frequency of payment violations. The court specifically noted "[t]he NYLL contains no provision for private suits for violations of its provisions regarding frequency of payment and recordkeeping." *Id.* at *8. Similarly, in *Arciello v. County of Nassau*, No. 2:16-cv-3974, 2019 U.S. Dist. Lexis 161167 (E.D.N.Y. Sept. 20, 2019), the court granted defendants' Rule 12(c) cross-motion for judgment on the pleadings as to plaintiff's NYLL § 191 claim. The court explained that "the Second Circuit has not addressed whether NYLL § 198 provides a remedy for the failure to timely pay overtime wages. Courts in the Southern District of New York and this District have opined that the NYLL may not contain such a remedy." *Id.* at *22-23 (citing *Belizaire v. RAV Investigative and Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 360 & n.22 (S.D.N.Y. 2014); *Coley v. Vannguard Urban Improvement Ass'n*, No. 12-CV-5565, 2018 U.S. Dist. LEXIS 54609, at *13 (E.D.N.Y. Mar. 29, 2018); *Hussain*, 2012 U.S. Dist. LEXIS 152254, at *8).  *See also Hunter v. Planned Bldg. Servs., Inc.*, No. 715053/2017, 2018 N.Y. Misc. LEXIS 2896, at *6 (Sup. Ct., Queens Cty, June 11, 2018) ("the Court does not find a private right to sue for violation of NYLL §191(1)(a)(i) where the plaintiff has not alleged unpaid wages exclusive of liquidated damages."); *Gardner v. D&D Elec. Constr. Co.*, No. 160249/2018, 2019 N.Y. Misc. LEXIS 4448, at *4 (Sup. Ct., New York Cty, Aug. 07, 2019) (plaintiff "cannot bring an independent action to enforce the substantive provisions of the Labor Law because he was paid in full prior to the commencement of this action" and "[w]ithout any allegations of unpaid wages," claims for untimely wage payments cannot be sustained); *Kruty v Max Finkelstein, Inc.*, No. 616616-2017, 2019 N.Y. Misc. LEXIS 6623 (N.Y. County Ct. Dec. 12, 2019) (no private right action exists for a frequency of pay violation unless there is nonpayment of wages); *Phillips v. Max Finkelstein, Inc.*, No. 607755-2018, 115 N.Y.S.3d 866 (N.Y. Cnty. Ct. Dec. 12, 2019) (same).

The *Scott* holding makes the conclusory leap that the legislature mistakenly omitted a private right of action in this provision despite the fact that no such private right is found in other key provisions of NYLL. In fact, NYLL § 162, the provision regarding the time allowed for meal breaks, NYLL § 195(4), the recordkeeping provision, and NYLL § 195(5), the provision for the notice of leave policies, do not provide private rights of action. *See Hill v. City of New York*, 136 F. Supp. 3d 304, 351 (E.D.N.Y. 2015); *Chan v. Big Geyser, Inc.*, 2018 U.S. Dist. LEXIS 148291, at *29 (S.D.N.Y. Aug. 30, 2018); *Kone v. Joy Constr. Corp.*, No. 15CV1328-LTS, 2016 U.S. Dist. LEXIS 26981, at *18 (S.D.N.Y. Mar. 3, 2016). It is clear then that the legislature intended that the New York Department of Labor, not the courts, enforce these provisions through suits by private persons. Applying simple rules of statutory construction, we must infer that the legislature had the same intent as to NYLL § 191(1)(a).



The Hon. Rachel P. Kovner
April 22, 2020
Page 3

Even if NYLL § 191(1) included a private right of action—and it does not—Plaintiff's claim still fails.

First, Lowe's owes Plaintiff no wages, and Plaintiff does not even allege that he is still owed outstanding wages. NYLL § 198 is specifically designed to remedy an underpayment. An alleged late payment of wages is not an underpayment where, as here, the employer has paid all wages.

Second, while the legislature intended to impose liquidated damages for unpaid wages, it did not necessarily intend to impose unconstitutionally high liquidated damages for untimely wages. NYLL § 198 provides for recovery of "an additional amount as liquidated damages equal to one hundred percent of the total amount of wages found to be due." There is no dispute that no wages are "due" to Plaintiff as of the date of this action. The *Scott* Court did not consider whether such an extreme penalty for late payment of wages pursuant to NYLL § 198 violated the NY constitution, and so this motion will give the Court its first opportunity to review such an argument.

The *Scott* Court opined that imposing a private right of action would promote the legislative purpose of the statute and protect manual workers. Yet, that decision did not address whether it would be unconstitutional and excessive to impose liquidated damages for late payment as opposed to no payment at all. This Court has the opportunity to consider whether such liquidated damages for late payment is excessive in proportion to the harm that the employee has suffered. As other district courts have explained, NYLL § 198(1-a) is "geared to afford relief for unpaid wages, not for late-paid wages." *Coley*, 2018 U.S. Dist. LEXIS 54609, at *42 (quoting *Belizaire*, 61 F. Supp. 3d at 360, n.22).

The constitutional limits on punitive damages are well established and when applied to damages which were merely paid late, the liquidated damages provision under NYLL § 198 well exceeds these limits. *See Thomas v. iStar Financial, Inc.*, 652 F.3d 141, 149 (2d Cir. 2010); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) (citing *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 582 (1996)).

**This Court Should Dismiss Count II Because Plaintiff Fails to Plead in Detail The Basis For His Claim That Defendant Failed to Provide Accurate Wage Statements**

Plaintiff makes the conclusory allegation in Count II of his Complaint that "Defendants failed to supply Plaintiff and the New York Class with an accurate statement of wages with every payment as required by NYLL, Article 6, § 195(3)." (Comp. ¶ 48). Despite the foregoing, Plaintiff provides no detail as to what Defendants did not accurately report on his wage statement. For that reason alone, the Court should dismiss Count II of Plaintiff's Complaint. Defendants simply cannot respond to such broad and conclusory allegations.

***

We look forward to addressing any questions from the Court as to Defendants' anticipated motion to dismiss.

63396612v.2



The Hon. Rachel P. Kovner
April 22, 2020
Page 4

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Howard Wexler*

Howard Wexler

cc: All Counsel of Record (via ECF)

63396612v.2