

28 Liberty Street, 30th Floor • New York, NY 10005

Telephone: (212) 300-0375 • Facsimile: (212) 481-1333 • www.fslawfirm.com

April 29, 2020

**VIA ECF**
The Honorable Rachel P. Kovner, U.S.D.J.
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Rodrigue v. Lowe's Home Centers, LLC et al.*, No. 20 Civ. 1127 (RPK)(RLM)

Dear Judge Kovner:

      We represent Plaintiff and a putative class of hourly employees who worked for Lowe's Home Centers, LLC and Lowe's Companies, Inc. (collectively "Lowe's" or "Defendants"). We write in response to Defendants' April 22, 2020 letter advocating for Plaintiff's claims to be dismissed. (ECF Doc No. 15) For the reasons set out below, Defendants' motion should be denied.

      First, with respect to Count I, there is a private right of action with respect to violations of New York Labor Law ("NYLL") § 191(1)(a). Defendants' letter curiously does not address the decision of New York's First Department in *Vega v. CM & Assoc. Const. Mgmt.*, *LLC*, which found that there is a private right of action to remedy violations of this statute. 175 A.D. 3d 1144 (1st Dept. 2019). In *Vega*, the court reasoned that untimely payment of wages constitutes an *underpayment* of wages, which affords Plaintiff a private right of action under NYLL § 198. *Id.* at 1145. Furthermore, the *Vega* court explained that even if there was no right of action under NYLL § 198, that § 191 also provides a private right of action: "allowing [plaintiff] to bring suit would promote the legislative purpose of § 191, which is to protect workers who are generally 'dependent upon their wages for sustenance." *Id.* at 1146 (quoting *People v. Vetri,* 309 N.Y. 401, 405 (1955)).

      *Vega* is the only New York appellate court to directly rule on this issue. Accordingly, this Court should follow the *Vega* decision, unless it determines there is persuasive evidence that the New York Court of Appeals would find otherwise. *See DiBella v. Hopkins,* 403 F.3d 102, 112 (2d Cir. 2005) ("rulings from [state intermediate appellate courts] are a basis for 'ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise') (quoting *West v. Am. Tel. & Tel. Co.,* 311 U.S. 223, 237 (1940). Defendants' cited authorities do not clear this high bar. Furthermore, there is substantial case law which backs up the *Vega* decision.

      Following Vega, the federal and state courts in New York have found that a private right of action exists for violations of NYLL § 191. *See e.g. Sarit v. Westside Tomato, Inc.*, No. 18 Civ. 11524 (RA), 2020 WL 1891983, at *4 (S.D.N.Y. Apr. 16, 2020) (denying defendants motion to dismiss NYLL § 191 claims); *Duverny v. Hercules Medical P.C.*, No. 18 Civ. 7652 (DLC), 2020 WL 1033048, at *6 (S.D.N.Y. Mar. 3, 2020) (denying defendant's motion for summary judgement as to plaintiff's NYLL § 191 claims); (*Scott v. Whole Foods Market Group, Inc.*, No. 18 Civ. 86 (SJF)(AKT) (E.D.N.Y. Feb. 5, 2020) (affirming the courts' prior ruling to deny defendant's motion to dismiss § 191 claims, and describing *Vega* as the "lone decision from an intermediate court

[that] is factually analogous"); *see also Rojas v Hi-Tech Metals, Inc.*, No. 702847/2019, 2019 WL 4570161, at *3 (N.Y. Sup. Ct. Sept. 11, 2019) (denying defendant's motion to dismiss NYLL § 191 claims, and reasoning that affording a private right of action is consistent with the holding of the Court of Appeals in *Seymore Gottlieb v. Kenneth D. Laub & Company, Inc.* (citing 82 N.Y. 2d 457 (1993)).

Furthermore, courts in this circuit routinely found that NYLL §191 afforded a private right of action for plaintiffs to recover under before the *Vega* decision. *See e.g. Scott v. Whole Foods Market Group, Inc.*, No. 18 Civ. 86 (SJF)(AKT), 2019 WL 1559424 (S.D.N.Y. Apr. 9, 2019) (denying defendant's motion to dismiss § 191 claims); *Lopez-Serrano v. Rockmore*, 132 F. Supp. 3d 390, 404 (E.D.N.Y. 2015) (denying defendant's motion to dismiss NYLL § 191 claims); *Wang Kwong Ho v. Target Construction of NY Corp.*, No. 08 Civ. 4750 (KAM)(RER), 2011 WL 1131510, at *14 (E.D.N.Y. Mar. 28, 2011) (awarding damages under NYLL § 191); *Cuzco v. Orion Builders, Inc.*, No. 06 Civ. 2789 (KMW)(THK), 2010 WL 2143662, at *4 (S.D.N.Y. 2010) (granting plaintiffs summary judgment for their NYLL § 191 claims). Accordingly, it is clear that a private right of action does exist to recover damages for an employer's violation of NYLL § 191.

Defendants cite to district court cases whose briefings predate *Vega* to suggest that there "may" not be a private right of action for Plaintiff's claim. A close reading of these cases reveal that the courts who ruled on them did not have clear guidance on NYLL § 191. For example, the court in *Arciello v. County of Nassau* could only state that NYLL § 191"*may*" not contain a private right of action, and further explained there was no mandatory authority to glean an answer from. No. 16 Civ. 3974, 2019 WL 4575145 at *8 (E.D.N.Y. Sept. 20, 2019) (emphasis added). This uncertain language is reflected further in the other district court decisions cited by defendant. *See e.g. Belizaire v. RAV Investigative and Sec. Servs., Ltd.*, 61 F. Supp. 3d, 336, 360 n. 22 (S.D.N.Y. 2014) (Awarding FLSA damages for untimely wage payments but noting, "[t]he NYLL *does not appear* to provide a similar remedy") (emphasis added); *Coley v. Vanguard*, No. 12 Civ. 5565 (PKC)(RER), No. 12 Civ. 5565, 2018 WL 1513628, at *13 (E.D.N.Y. Mar. 29, 2018) (finding that NYLL § 198 "*seems*" to not provide relief for late payment of wages") (emphasis added).

The cases cited by Defendants claiming there is no private right of action for failure to pay timely wages under NYLL § 191 either predate *Vega*, or are clearly erroneous. In *Hussain v. Pakistan Int'l Airlines*, the court equated a failure to pay timely wages with a recordkeeping violation. No. 11 Civ. 932 (ERK)(VVP), 2012 WL 5289541, at *3 (E.D.N.Y. Oct. 23, 2012). However, the court clearly ignored the legislative intent of NYLL § 191(1)(a) whereby hourly manual workers must be paid within seven days of the end of their workweek. To not be paid within seven days clearly results in harm to an hourly manual worker. Coincidentally, the NYLL was amended on April 9, 2011 to provide a private right action for record keeping violations. *See* NYLL § 195. Similarly, *Gardner v. D&D Electrical Const. Comp., Inc.* and *Hunter v. Planned Bldg. Servs., Inc.* cite *Hussain* to find that late payments do not afford a private right of action. No. 160249/2018, 2019 N.Y. Slip Op. 32389(U) (N.Y. Sup. Ct. Aug. 7, 2019); No. 715053/0217, 2018 N.Y. Slip Op. 31541 (N.Y. Sup. Ct. 2018). The cases, which predate *Vega*, argue that untimely wage payments do not constitute an underpayment of wages, and further compare the requirements of NYLL § 191 to statutes requiring employers to provide lunch breaks and keep accurate internal records. *Id.*

Failure to provide lunch breaks or keep internal records are not issues that are directly related to the payment of wages. On the other hand, NYLL § 191 lays out direct requirements to pay timely wages, and the late payment of wages constitutes an *underpayment* under New York law. *Vega,* 175 A.D. 3d at 1145 ("the moment that an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required").

Defendants further rely on the identical Suffolk County Court decisions of *Kruty v. Max Finkelstein, Inc.* and *Phillips v. Max Finkelstein, Inc.*, both of which cite *Ikea U.S., Inc. v. Indus. Bd. of Appeals* to reason that since the New York commissioner of labor did not enforce NYLL § 198 remedies in *Ikea*, there must be no private right of action at all. No. 616616-2017 (Suffolk Cnty. Ct. Dec. 12, 2019); 115 N.Y.S.3d 866 (Suffolk Cnty. Ct. Dec. 12, 2019) (citing 241 A.D. 454 (2nd Dept. 2014)). However, as explained by *Vega*, "[NYLL] § 198 explicitly provides that individuals may bring suit against an employer for violations of the labor laws, even if the Commissioner chooses not to." *Vega*, 175 A.D. 3d at 1147 (citing *AHA Sales, Inc. v. Creative Bath Prods., Inc.,* 58 A.D.3d 6, 15 (2nd Dept. 2008)).

In addition, Defendants' argument that liquidated damages under NYLL § 198 are unconstitutional is in error. It is well settled that since NYLL § 198 was amended on November 25, 2009, the liquidated damages provisions under this statute are identical to the FLSA. *See Rana v. Islam*, 887 F. 3d 118, 123 (2nd Cir. 2018) (finding that "it is clear that the New York State legislature rewrote its liquidated damages provision to cover the same ground as the FLSA" and that "there are no meaningful differences" between the FLSA's and NYLL's liquidated damages provisions).[1] It is further settled that such liquidated damages are compensatory and not punitive. *See Hernan v. RSR Security Services, Ltd.*, 172 F. 3d 132, 142 (2nd Cir. 1999) ("liquidated damages are not a penalty exacted by the law, but rather compensation to the employee occasioned by the delay in receiving wages") (citing *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 583 (1942). As such, Defendants' references to cases which discuss punitive damage caps are not applicable to this action.

Defendants' contention that Plaintiff did not sufficiently plead his claim that Defendants failed to provide accurate wage statements as required by NYLL § 195(3) should also be disregarded. As alleged by Plaintiff's Complaint and illustrated by Plaintiff's paystub attached as Exhibit A to the Complaint, Defendants failed to correctly identify how many hours Plaintiff worked *per week*. *See* ECF Doc No. 1, ¶¶ 34(b); 42; 47-9; *see also Copper v. Cavalry Staffing, LLC*, 132 F. Supp. 3d 460, 468-469 (E.D.N.Y. 2015) (denying defendants' motion to dismiss NYLL § 195(3) claims because plaintiffs alleged their wage statements were inaccurate).

We thank the Court for its time and consideration.

---

[1] The Second Circuit also differentiated between liquidated damages under the NYLL and punitive damages awarded by the district court. *See Rana*, 887 F. 3d at 119, n. 1.

Respectfully yours,

*Brian Schaffer*

Brian S. Schaffer

cc: Counsel of record (via ECF).