UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

SERGE RODRIGUE,

              Plaintiff,

     -against-

LOWE'S HOME CENTERS, LLC, and
LOWE'S COMPANIES, INC.

             Defendants.

-------------------------------------------------------x

**MEMORANDUM AND ORDER**
20-CV-1127 (RPK) (RLM)

RACHEL P. KOVNER, United States District Judge:

     In an amended class action complaint, Serge Rodrigue sues Lowe's Home Centers, LLC, and Lowe's Companies, Inc., under New York Labor Law ("NYLL"). Plaintiff alleges that defendants were required to pay manual workers weekly, but instead paid him and other manual workers every two weeks. Plaintiff further alleges that defendants were required to provide manual workers with wage statements showing their weekly hours, but instead provided wage statements showed hours for two-week periods. Defendants move to dismiss for failure to state a claim. Because the amended complaint states a claim for untimely payments but not for improper wage statements, the motion to dismiss is granted in part and denied in part.

## BACKGROUND

     The following facts come from the amended complaint and documents attached as exhibits. The allegations in the amended complaint are "accept[ed] as true" on a motion to dismiss. *Hamilton v. Westchester Cnty.*, 3 F.4th 86, 90-91 (2d Cir. 2021) (quoting *Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 188 (2d Cir. 2020)).

1

### A. Factual Background

Since May 2016, plaintiff Serge Rodrigue has been employed as a "Customer Service Associate" by Lowe's Home Centers, LLC, and Lowe's Companies, Inc. Am. Compl. ¶ 36. In that position, plaintiff spends at least a quarter of his time performing physical tasks, including stocking shelves, stacking boxes, unpacking boxes, carrying trash, sweeping floors, and arranging inventory. *Id.* ¶ 38. Plaintiff alleges that defendants compensate him on a "bi-weekly basis," meaning that defendants pay him every two weeks for two weeks of work. *Id.* ¶ 39. Plaintiff has attached a representative wage statement to his complaint. *See* Am. Compl., Ex. A (Dkt. #18-1).

### B. Procedural History

Plaintiff filed the operative class action complaint against Lowe's Home Centers, LLC, and Lowe's Companies, Inc., on June 2, 2020. *See* Am. Compl. at 9. The first cause of action alleges that defendants failed to pay timely wages in violation of N.Y.L.L. § 191(1)(a) because they paid plaintiff on a biweekly basis. *See id.* ¶¶ 44-47. Plaintiff seeks liquidated damages as well as reasonable attorneys' fees, costs, pre-judgment interest, and post-judgment interest. *See id.* ¶ 47. The second cause of action alleges that defendants failed to provide accurate wages statements in violation of N.Y.L.L. § 195(3) because their wage statements specified the hours worked by plaintiff in a two-week period, rather than the hours worked per week. *See id.* ¶¶ 48-51. Plaintiff seeks statutory penalties of two hundred and fifty dollars for each workday where defendants failed to provide accurate wage statements as well as reasonable attorneys' fees and costs. *Id.* ¶ 51.

Defendants moved to dismiss the operative complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Defs.' Notice of Mot. (Dkt. #20). Alongside defendants' memorandum of law, defendants have attached a letter dated April 6, 1999 from the New York State Department of Labor. *See* Decl. of Howard M. Wexler, Esq., Ex. A. (Dkt. #20-2).

The letter states that the Department of Labor "grant[s] authorization for Lowe's Home Centers, Inc., to pay wages to its manual workers employed in New York State on a biweekly basis." *Ibid.*

## STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This means, for example, that a complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. A complaint is also properly dismissed "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

## DISCUSSION

Defendants' motion to dismiss is granted in part. Plaintiff has stated a claim for untimely wages under Section 191 of the New York Labor Law but not for improper wage statements under Section 195 of that statute.

### I.  Plaintiff has stated a claim for untimely wages under Section 191.

Plaintiff has stated a claim that defendants violated Section 191 of the New York Labor Law and that he is entitled to liquidated damages as a result. Section 191(1)(a) states that "[a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned" unless the Commissioner of the New York Department of Labor has "authorized" the employer to pay the worker less frequently. Section 198(1-a) of the New York Labor Law permits an "employee to recover the full amount of any underpayment" of wages. "In any action instituted in the courts upon a wage claim by an employee . . . in which the

3

employee prevails, . . . unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law," the employee may also recover "an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due." Defendants do not contest plaintiff's allegations that he was a "manual worker" paid "biweekly," Am. Compl. ¶ 39, or his allegations that, at least once, he was paid more than seven calendar days after the end of the week in which his wages were earned, *see* Am. Compl., Ex. A. But defendants argue that plaintiff has failed to state a claim because the Commissioner of the New York Department of Labor authorized defendants to pay manual workers every two weeks. In the alternative, they argue that plaintiff's Section 191 claim should be dismissed because no private right of action is available to enforce that provision when wages are paid; because liquidated damages are unavailable for such violations; and because liquidated damages would be unconstitutional. Defendants' arguments do not persuade at this early stage.

      A.      **I decline to consider defendants' purported authorization letter.**

Defendants first move to dismiss the complaint on the grounds that the Commissioner for the New York Department of Labor authorized them to pay manual workers on a biweekly basis. The Commissioner may authorize such biweekly payments if the employer has "employed an average of one thousand or more persons" in New York for the past three years, or has employed an average of one thousand or more persons in New York for the preceded year, and has "furnishe[d] satisfactory proof . . . of its continuing ability to meet its payroll responsibilities." N.Y.L.L. § 191(1)(a)(i). In arguing that they are entitled to dismissal on this ground, defendants rely on a letter from the New York State Department of Labor to Lowe's Home Centers, Inc., that defendants have submitted with their motion to dismiss. The letter, which is dated April 6, 1999,

4

states that it "grant[s] authorization . . . to pay wages to . . . manual workers employed in New York State on a biweekly basis." Decl. of Howard M. Wexler, Esq., Ex. A.,

Defendants are not entitled to dismissal of the complaint based on the purported authorization letter, which is neither integral to the complaint nor amenable to judicial notice. "Because a Rule 12(b)(6) motion challenges the complaint as presented by the plaintiff, taking no account of its basis in evidence," *Goal v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016), a court is "normally required to look only to the allegations on the face of the complaint," *United States v. Strock*, 982 F.3d 51, 63 (2d Cir. 2020) (quoting *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)). The narrow exceptions for "extrinsic material that the complaint 'incorporate[s] by reference,' that is 'integral' to the complaint, or of which courts can take judicial notice," *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 2021 WL 3118943, at *6 (2d Cir. 2021) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)), do not cover defendants' letter. The letter does not appear on the face of the amended complaint, nor did plaintiff attach the letter as an exhibit to the complaint or otherwise incorporate the letter by reference.

Nor is defendants' purported letter integral to the amended complaint. A document is "integral" to the complaint when the complaint "relies heavily upon its terms and effect." *Chambers*, 282 F.3d at 153; see *Lively*, 2021 WL 3118943, at *6 (explaining that under *Chambers*, "a document is 'integral to the complaint' only if the plaintiff himself 'relied on the terms and effect of the document in drafting the complaint'") (alterations omitted). Here, plaintiff represents that he was not aware of the purported authorization letter, and he did not rely on the letter while drafting the complaint. *See* Pl.'s Mem. of L. in Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Opp'n) at 6 (Dkt. #21). The letter is therefore not integral to the complaint. *Cf. United States v. Strock*, 982 F.3d 51, 63 (2d Cir. 2020) (concluding that a report from the Government Accountability

Office ("GAO") was not integral to the complaint because "the complaint does not rely on the GAO report at all"); *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006) (concluding that testimony in a criminal proceeding was not integral to the complaint because it "was neither mentioned nor relied upon by [plaintiff] in drafting its complaint").

In any event, "[e]ven where a document is considered 'integral' to the complaint," the document is appropriately considered on a motion to dismiss only if it is "clear that there exist no material disputed issues of fact regarding the relevance of the document." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 231 (2d Cir. 2016). Here, plaintiff disputes that the letter covers the defendants (as opposed to a predecessor company), *see* Pl.'s Opp'n at 10, and plaintiff does not concede the authorization letter remains in effect, *see id.* at 7-8; *cf. Nicosia*, 834 F.3d at 235 (concluding that relevance was disputed where "the parties disagree about whether and how [an] account registration relates to [their] contractual relationship"). It would be inappropriate to deem the authorization letter integral to the complaint in light of these disputes over its relevance.

Nor are the contents of the authorization letter amenable to judicial notice. Judicial notice is appropriate only as to matters "not subject to reasonable dispute" because they are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Because the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a [matter] is beyond controversy under Rule 201(b)." *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 67 (2d Cir. 1998). Defendants do not suggest that the fact that the Department of Labor authorized Lowe's Home Centers, Inc. to pay manual workers in New York State on a biweekly basis is "generally known." Fed. R. Evid. 201(b).

6

Instead, defendants suggest that this permission can be "accurately and readily determined from sources whose accuracy reasonably be questioned"—namely, the authorization letter, which defendants describe as a "public record." Defs.' Mem. of L. in Supp. of Their Rule 12(b)(6) Mot. to Dismiss ("Defs.' Memo") at 3-4 (Dkt. #20-5). But the "public records" of which courts commonly take notice are documents that have been made available to the public. *See, e.g.*, *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 60 (2d Cir. 2016) (noticing agency guidance letter "because the [g]uidance is publicly available and its accuracy cannot reasonably be questioned"); *Richardson v. New York City Bd. of Educ.*, 711 F. App'x 11 (2d Cir. 2017) (summary order) (taking notice of a "publicly available" regulation and two "publicly available" collective bargaining agreements); *Bristol v. Nassau Cnty.*, 685 F. App'x 26, 28 (2d Cir. 2017) (summary order) (affirming notice of decisions in related state criminal proceedings because such records were "self-authenticating" and "publicly available"); *Canale v. Colgate-Palmolive Co.*, 258 F. Supp. 3d 312, 321 n.8 (S.D.N.Y. 2017) (instructing that letters from an agency would not be subject to notice "unless they were publicly available").

Here, defendants suggest that the record authorization letter is publicly accessible because the letter could be obtained by "any person or entity, without cost," presumably under New York's Freedom of Information Law ("FOIL"). *See* Defs.' Reply Mem. of L. in Supp. of Their Rule 12(b)(6) Mot. to Dismiss ("Defs.' Reply) at 2 (Dkt. #22). But the practice of courts in this Circuit is not to take notice of documents where they "must be obtained through a [Freedom of Information Act] request (or state equivalent)." *105 Mt. Kisco Assocs. LLC v. Carozza*, No. 15-CV-5346, 2019 WL 6998008, at *11 (S.D.N.Y. Dec. 20, 2019) (collecting cases). That includes documents like agency letters. *See Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 294 (S.D.N.Y. 2018) (declining to take notice of an agency guidance letter where defendants "obtained a copy of [the] letter, not

7

from the [agency]'s website, but from a Freedom Information Act request"). Following that practice, I decline to take notice of defendants' purported authorization letter here.[*]

> B. **Plaintiff has stated a claim for untimely payment of wages in violation of the New York Labor Law.**

Limiting my consideration to the materials appropriate at the motion-to-dismiss stage, plaintiff has stated a claim for untimely payment of wages under the New York Labor Law. The New York Labor Law provides that "[i]n any action instituted in the courts upon a wage claim by an employee . . . the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of wages found to be due." N.Y.L.L. § 198(1-a). Defendants concede that a manual worker may bring a civil action to recover untimely wage payments under this provision so long as the wages remain unpaid. See Defs.' Memo at 14. But they dispute whether a worker may recover damages for delayed payments when no wages are due and owing. *Id.* at 13-17.

"When deciding a question of state law" like this one, a federal court "look[s] to the state's decisional law, as well as to its constitution and statutes." *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 497 (2d Cir. 2020). Absent a clear directive from a state's highest court, a federal court must "predict how the state's highest court would resolve the uncertainty or ambiguity." *Id.*

---

[*] In their reply brief, defendants suggest that if the authorization letter is not appropriately considered on a motion to dismiss, their filing should be converted into a motion for summary judgment. *See* Defs.' Reply at 5 n.1. A district court has discretion over whether to perform such a conversion. 5C Charles A. Wright and Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 1366 (3d ed.); *see Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000); *Fonte v. Board of Managers of Continental Towers Condominium*, 848 F.2d 24, 25 (2d Cir. 1988). Here, plaintiff has stated that he would need discovery to respond to defendants' arguments based on the authorization letter. See Pl.'s Opp'n at 7–8. I decline to restyle defendants' motion under these circumstances, and will instead request that the magistrate judge overseeing pretrial matters consider expedited, targeted discovery that relates to the authorization-letter defense.

8

at 499. In doing so, the federal court "is bound to apply the law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion." *V.S. v. Muhammad*, 595 F.3d 426, 432 (2d Cir. 2010).

Here, a state intermediate court—the Appellate Division's First Department—has held that New York Labor Law permits employees to seek liquidated damages for the untimely payment of wages, even if wages are no longer past due. *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144 (N.Y. App. Div. 2019). The First Department reasoned that "New York Labor Law § 198(1-a) expressly provides a private right of action for a violation of Labor Law § 191." *Id.* at 1146. It further concluded that Section 198(1-a) allows an award of damages based on untimely payments even if the employer had "pa[id] the wages that [we]re due before the commencement of [the] action." *Id.* at 1145. The court reasoned that an "underpayment" for purposes of Section 198(1-a) occurs "[t]he moment that an employer fail[s] to pay wages in compliance with section 191(1)(a)." *Ibid.* While an employer who eventually pays the underpaid wages can "assert an affirmative defense" based on the eventual payment, the First Department concluded that an employee could still seek "statutory remedies," including liquidated damages. *Ibid.* The appellate court found instructive the Supreme Court's conclusion in *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945), that under a similarly worded provision in the Fair Labor Standards Act of 1938 ("FLSA"), an employee may recover liquidated damages "regardless of whether an employee has been paid wages owed before the commencement of the action." 175 A.D.3d. at 1145-46.

Since *Vega,* every court in this Circuit to consider that decision appears to have followed its construction of the New York Labor Law, *see, e.g.*, *Mabe v. Wal-Mart Assocs., Inc.*, No. 20-CV-591, 2021 WL 1062566, at *5 (N.D.N.Y. Mar. 18, 2021); *Sorto v. Diversified Maint. Sys., LLC*, No. 20-CV-1302, 2020 WL 7693108, at *2-3 (E.D.N.Y. Dec. 28, 2020); *Duverny v. Hercules*

9

*Medical P.C.*, No. 18-CV-7652, 2020 WL 1033048, at *6 (S.D.N.Y. Mar. 3, 2020); *Scott v. Whole Foods Mkt. Grp., Inc.*, No. 18-CV-86, 2020 WL 9814095, at *3 (E.D.N.Y. Feb. 5, 2020), and defendants present no persuasive reason to do otherwise. Defendants suggest that *Vega* deserves limited weight because the Second Department "challenge[d] *Vega*'s holding" in *IKEA U.S. Inc. v. Indus. Bd. Of Appeals*, 241 A.D.2d 454, 455 (N.Y. App. Div. 1997). Defs.' Memo at 17. But *Ikea* does not address whether employees may obtain liquidated damages for untimely payments; it simply assessed whether the state Commissioner of Labor had proffered substantial evidence that a particular employer violated Section 191. *See IKEA U.S. Inc.*, 241 A.D.2d at 455. Nor do defendants grapple with *Vega*'s observation about the parallel FLSA provision addressing liquidated damages; they do not explain why the New York Court of Appeals would give a substantially narrower reading to Section 198(1-a) than the Supreme Court gave to the section's federal counterpart. After all, the Second Circuit has concluded that "there are no meaningful differences" in the wording of the state and federal provisions. *Rana*, 887 F.3d at 123. Because defendants offer no "persuasive evidence that the state's highest court would reach a different conclusion" than the First Department did in *Vega*, I am "bound to apply the law as interpreted by" the intermediate appellate court, *Muhammad*, 595 F.3d at 432.

    **C.    Defendants' remaining challenges to an award of liquidated damages are premature.**

Defendants remaining challenges to an award of liquidated damages are not properly considered on a motion to dismiss. Defendants contend that the authorization letter they received from the Commissioner of the New York Department of Labor makes liquidated damages unavailable, since Section 198(1-a) bars such damages when "the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law." *See* Defs.' Memo

10

at 22-23. But as explained above, defendants' purported authorization letter is not properly considered at this stage of the litigation. *See* pp. 4-8, *supra.*

Defendants next suggest that plaintiff's delayed-wages claim should be dismissed because awarding "[l]iquidated damages in the amount of all late payments" would be "punitive" and "excessive in proportion to the harm that any employee has suffered." Defs.' Mem. at 21. I construe defendants' claim as resting on the Due Process Clause of the Fourteenth Amendment, because although defendants invoke "the New York Constitution," they point to no particular provision of that document and cite only cases construing the U.S. Constitution. *See ibid.*

Assuming that liquidated damages under the New York Labor Law would be treated as punitive for purposes of the Due Process Clause, *cf. Rana*, 887 F.3d at 123 (describing "an award of liquidated damages" under the NYLL as having "dual punitive and compensatory effects"), a challenge of this sort is premature. At this stage of the case, there has been no liquidated damages award, and there is no record on which to assess whether an award would be excessive in light of "the degree of reprehensibility of the defendant's misconduct," "the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award," and the difference between the punitive damages awarded . . . and the civil penalties authorized or imposed in comparable cases.'" *Thomas v. iStar Financial, Inc.*, 652 F.3d 141, 149 (2d Cir. 2010) (describing the Supreme Court's three "'guideposts' for courts reviewing [punitive damages] awards").

Even if defendants were correct that liquidated damages equal to "the amount of all late payments" would violate the Due Process Clause, defendants have offered no reason why they would be entitled to dismissal of plaintiff's claim—rather than a reduction in damages. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 429 (2003) (concluding that punitive damages award was constitutionally excessive and remanding case for "[t]he proper calculation of

11

punitive damages" in light of constitutional limits); *BMW of North Am., Inc. v. Gore*, 517 U.S. 559, 585-86 (1996) (remanding case to state court to determine "whether the appropriate remedy" for an excessive award is "a new trial or merely an independent determination by the Alabama Supreme Court" of the appropriate amount of punitive damages). Defendants' motion to dismiss plaintiff's claim for untimely wage payments is therefore denied.

> II.  **Plaintiff has not stated a claim for improper wage statements under Section 195(3) of the New York Labor Law.**

Defendants' motion to dismiss plaintiff's claim for improper wage statements under Section 195(3) of the New York Labor Law is granted. That provision requires an employer to "furnish each employee with a statement with every payment of wages." N.Y.L.L. § 195(3). The statement must include "the dates of work covered by that payment of wages"; the "name of [the] employee"; the name, address, and phone number of the employer; the "rate or rates of pay and basis thereof"; gross wages; deductions; any allowances; and net wages. *Ibid.* For employees who are "not exempt from overtime compensation," the statement must also include "the regular hourly rate or rates of pay"; "the overtime rate or rates of pay"; "the number of regular hours worked, and the number of overtime hours worked." *Ibid.* The wage statement plaintiff attaches as an exhibit to his complaint includes each piece of information required under Section 195(3). *See* Am. Compl, Ex. A.

Plaintiff nevertheless alleges that defendants violated Section 195(3) because they "failed to provide [Mr.] Rodrigue with wage statements specifying the amount of hours he worked per week." Am. Compl. ¶ 42. But while Section 195(3) requires an employer to specify the hourly rate of pay, "dates of work covered by [a] payment of wages," and number of regular and overtime hours worked, N.Y.L.L. § 195(3), it "does not require that wage statements be furnished on a weekly basis or provide a breakdown of how many hours an employee works 'per week.'" *Mabe*,

12

2021 WL 1062566, at *7.  As a result, plaintiff's claim under Section 195(3) is dismissed.  *See, e.g.*, *ibid.* (dismissing similar claim); *Rojas v. Hi-Tech Metals, Inc.*, No. 702847/2019, 2019 WL 4570161, at *4 (N.Y. Sup. Ct. Sep. 11, 2019) (same); *Hunter v. Planned Bldg. Services, Inc.*, No. 715053/2017, 2018 WL 3392476, at *4 (N.Y. Sup. Ct. June 20, 2018) (same).

## CONCLUSION

Defendants' motion to dismiss plaintiff's claim under New York Labor Law §§ 191 and 198(1-a) is denied.  Defendants' motion to dismiss plaintiff's claim under New York Labor Law § 195(3) is granted.

SO ORDERED.

                                                               /s/  Rachel Kovner
                                                               RACHEL P. KOVNER
                                                               United States District Judge

Dated:        August 27, 2021
                 Brooklyn, New York