Seyfarth

**Seyfarth Shaw LLP**
620 Eighth Avenue
New York, New York 10018
**T** (212) 218-5500
**F** (212) 218-5526

hwexler@seyfarth.com
T (212) 218-3332

www.seyfarth.com

April 4, 2022

The Hon. Rachel P. Kovner
United States District Court Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: *Rodrigue v. Lowe's Home Centers, LLC et al.* Case No.: 1:20-cv-01127 (RPK)(RLM)**

Dear Judge Kovner:

We represent Lowe's Home Centers, LLC and Lowe's Companies, Inc. (collectively, "Defendants") in the above-referenced matter. In accordance with Rule IV(A) of Your Honor's Individual Practice Rules and Magistrate Judge Mann's March 1, 2022 Order, we respectfully submit this letter, and the attached Rule 56.1 Statement, to request a pre-motion conference in connection with Defendants' anticipated motion for summary judgment in order to dismiss Plaintiff Serge Rodrigue's ("Plaintiff") Amended Complaint pursuant to Fed. R. Civ. P. 56.

## Procedural History

On June 2, 2020, Plaintiff filed his Amended Complaint, on behalf of himself and all others similarly situated, alleging: (1) failure to pay timely wages under the New York Labor Law ("NYLL"); and (2) failure to provide accurate wage statements under NYLL. (ECF Docket No. 18). On July 17, 2020, Defendants moved to dismiss Plaintiff's Amended Complaint for failure to state a claim. (ECF Docket No. 20). On August 27, 2021, Your Honor issued a decision granting in part and denying in part Defendants' motion. (ECF Docket No. 28). The decision denied dismissal of Count I, which alleges failure to pay timely wages, but granted dismissal of Count II, which alleged failure to provide accurate wage statements.

As part of their motion to dismiss, Defendants argued that Lowe's Home Centers, LLC did not fail to pay timely wages because it is authorized to pay manual workers on a bi-weekly basis per an authorization letter from the New York State Department of Labor (the "Authorization"). Defendants submitted the Authorization together with their motion to dismiss and requested that the Court convert the motion to dismiss to one for summary judgment should the Court find that the Authorization could not be appropriately considered on a motion to dismiss. Your Honor "decline[d] to restyle defendants' motion under these circumstances, and . . . instead request[ed] that the magistrate judge overseeing pretrial matters consider expedited, targeted discovery that relates to the authorization-letter defense." (ECF Docket No. 28).

Defendants filed their Answer to the Amended Complaint on September 24, 2021. (ECF Docket No. 31). On September 28, 2021, Judge Mann issued an order explaining that the parties agreed "to engage in limited discovery concerning the Department of Labor letter and Defendants'

corporate structures, and to defer discovery concerning the class action and the issue of whether Plaintiff qualifies as a manual laborer." (ECF Docket No. 33). The parties have since completed this limited discovery. On March 1, 2022, Judge Mann ordered that requests for a premotion conference be filed by April 4, 2022.

**Count I, Plaintiff's Only Remaining Cause of Action, Should Be Dismissed**

Plaintiff's only cause of action in the Amended Complaint alleges "Defendants failed to pay Plaintiff and the New York Class on a timely basis as required by NYLL § 191(1)(a)."[1] (Am. Comp. ¶ 46). This is not a viable cause of action.

New York Labor Law § 191(1)(a)(ii) provides that certain employers may seek authorization from the Commissioner of Labor to pay manual workers on a basis less frequent than weekly. On April 6, 1999, the New York State Commissioner of Labor granted the Authorization to Lowe's Home Centers, Inc. to pay wages to its manual workers on a biweekly basis. This Authorization remains effective today and permits Lowe's Home Centers, LLC to continue to pay manual workers on a bi-weekly basis.

In November 2013, Lowe's Home Centers, Inc., a North Carolina corporation, converted its business form to a limited liability company, organized under the laws of North Carolina, resulting in Lowe's Home Centers, LLC—a named defendant. Under New York law, the laws of the jurisdiction under which a foreign LLC is formed govern its organization, internal affairs and the liability of its members and managers. N.Y. Ltd. Liab. Co. Law § 801(a). The conversion permitted Lowe's Home Centers, Inc. to convert to Lowe's Home Centers, LLC without any break in the continuity of the legal entity, and as such, the Authorization continues to be vested in Lowe's Home Centers, LLC.

Through the conversion, Lowe's Home Centers, Inc. "cease[d] its prior form of organization and continue[d] in existence as" Lowe's Home Centers, LLC. *See* N.C. Gen. Stat. § 55-11A-13(a)(1). The limited discovery conducted by the parties is compelling. Both government and business records provide overwhelming support that Lowe's Home Centers, Inc. continues to exist through Lowe's Home Centers, LLC, and Defendants have acted in good faith by relying on the Authorization to continue to pay manual workers on a bi-weekly basis.

To start, Lowe's Home Centers, LLC maintains the same federal employer identification number as Lowe's Home Centers, Inc. did prior to the conversion. Lowe's Home Centers, LLC's North Carolina Secretary of State identification number is the same as Lowe's Home Centers, Inc.'s North Carolina Secretary of State corporate identification number. Lowe's Home Centers, LLC's Articles of Organization provides the same registered office address and same principal office address as provided on Lowe's Home Centers, Inc.'s Business Corporation Annual Report filed in 2013.

---

[1] Defendants do not concede that Plaintiff, and the purported class he seeks to represent, are "manual workers" under the Labor Law entitled to weekly payment of wages under NYLL § 191(1)(a) absent authorization from the Commissioner of Labor allowing alternate pay frequency.

Lowe's Home Centers, LLC's Limited Liability Company Annual Report filed in 2014, the first since the conversion, provides for all but one of the same "Company Officials" / "Principal Officers" that appeared on Lowe's Home Centers, Inc.'s Business Corporation Annual Report filed in 2013. The wholly-owning entity—Lowe's Companies, Inc.—remained the same before and after the conversion. Lowe's Companies, Inc. was the sole parent company of Lowe's Home Centers, Inc., and is the sole member of Lowe's Home Centers, LLC.

Furthermore, Lowe's Home Centers, LLC maintains the same New York State Department of Labor Unemployment Insurance registration number and carrier identification number as Lowe's Home Centers, Inc. did prior to the conversion. In 2015, Lowe's Home Centers, LLC submitted a Business Tax Account Update to the New York State Department of Taxation and Finance explaining that Lowe's Home Centers, Inc. "converted to an LLC with the same [federal employer identification number] already filed with [the Secretary of State.]"

Lowe's Home Centers, LLC's Certificate of Existence certified by the North Carolina Department of the Secretary of State provides that the LLC was "formed on the 13th day of October, 1958, with its period of duration being Perpetual." In 1958, Lowe's Investment Corporation filed its Articles of Incorporation with the North Carolina Secretary of State. North Carolina has maintained that through several conversions and changes to business form, the currently named Lowe's Home Centers, LLC, exists through the continuation of converting entities, including Lowe's Home Centers, Inc. Lowe's Home Centers, LLC submitted the Certificate of Existence with its Application for Authority to the New York State Department of State, which the Department accepted when it issued Lowe's Home Centers, LLC its Certificate of Authority.

Finally, and most critically, Defendants advised government agencies in all states in which Lowe's Home Centers, Inc. operated of the conversion. In addition to advising other New York State agencies, in May 2014, Lowe's Companies, Inc. notified the New York State Department of Labor—the entity that issued the Authorization permitting bi-weekly pay for manual workers—that "Lowe's Home Centers, Inc. . . . underwent a conversion to a Limited Liability Company under the laws of North Carolina," provided it with the Certificate of Authority, and advised that the New York State Department of Taxation was previously notified of the conversion. In response, the New York State Department of Labor did not advise Defendants that the Authorization was no longer valid or applicable, it did not rescind the Authorization, and it did not direct Defendants to apply for a new authorization.

The conversion of Lowe's Home Centers, Inc. to Lowe's Home Centers, LLC was a name change that did not impact how the business operated. As such, the Authorization permitting bi-weekly pay to manual workers, including Plaintiff, applies to Lowe's Home Centers, LLC, and moots Count I of Plaintiff's Complaint.

***

We look forward to addressing any questions from the Court as to Defendants' anticipated motion for summary judgment.

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Howard Wexler*

Howard Wexler

cc: All Counsel of Record (via ECF)