Lynn A. Kappelman, Esq.
Howard M. Wexler, Esq.
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500
hwexler@seyfarth.com
lkappelman@seyfarth.com
Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------- X
SERGE RODRIGUE, individually and behalf  :
of all others similarly situated, :
 :
               Plaintiff, :
 :
  v. :
 :
LOWE'S HOME CENTERS, LLC, and :
LOWE'S COMPANIES, INC., :
 :
               Defendants. :
 :
---------------------------------------------------------- X

Civil Action No. 1:20-cv-01127-RPK-RLM

Oral Argument Requested

Date of Service:  June 15, 2022

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
<u>MOTION FOR SUMMARY JUDGMENT</u>**

84134280v.9

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

RELEVANT FACTS ..................................................................................................................... 2

PROCEDURAL HISTORY............................................................................................................ 2

STANDARD OF REVIEW ............................................................................................................ 3

ARGUMENT .................................................................................................................................. 4

I.  Defendants are Authorized by the Commissioner to Pay Plaintiff and Others on a
    Bi-weekly Basis .................................................................................................................. 4

    A.  New York Labor Law § 191(1)(a)(ii) Permits the Commissioner to
        Authorize a Biweekly Pay Schedule for Manual Laborers .................................... 5

    B.  North Carolina Law Commands that Home Centers, Inc. Continues to
        Exist Through Home Centers, LLC, and Home Centers, Inc.'s
        Authorization is Home Centers, LLC's Authorization ........................................... 6

        1.  North Carolina Law Applies to the Continuity of Home Centers
            LLC's Organization ..................................................................................... 6

        2.  Home Centers, LLC is a Continuation of Home Centers, Inc. and
            Retains a Vested Right to the Authorization Under Applicable
            North Carolina Law ..................................................................................... 8

    C.  Record Evidence Further Demonstrates that Home Centers, LLC is a
        Continuation of Home Centers, Inc. ....................................................................... 9

II. The New York Labor Law Supports the Continued Validity of the Authorization.......... 13

CONCLUSION............................................................................................................................. 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)...........................................................................................................3, 4

*In re Boston Generating LLC*,
   617 B.R. 442 (Bankr. S.D.N.Y. 2020), *aff'd sub nom. Holliday v. Credit
   Suisse Sec. (USA) LLC*, No. 20 CIV. 5404 (GBD), 2021 WL 4150523
   (S.D.N.Y. Sept. 13, 2021) ......................................................................................................6

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986).................................................................................................................3

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986).................................................................................................................4

*Ramsey v. Bimbo Foods Bakeries Distrib., LLC*,
   No. 5:15-CV-6, 2015 WL 1611339 (E.D.N.C. April 10, 2015) ..............................................9

*Schiff v. ZM Equity Partners, LLC,*
   No. 19CV4735, 2020 WL 5077712 (S.D.N.Y. Aug. 27, 2020) ..............................................7

*Stock Bldg. Supply, Inc. v. Platte River Ins. Co.*,
   No. 2013-CV-239823, 2015 WL 12551623 (Ga.Super. Mar. 03, 2015) .................................9

*Treeline 1 OCR, LLC v. Nassau Cnty. Indus. Dev. Agency,*
   82 A.D.3d 748, 918 N.Y.S.2d 128 (2d Dept. 2011) ................................................................7

*W. World Ins. Co. v. Stack Oil, Inc.*,
   922 F.2d 118 (2d Cir. 1990)....................................................................................................4

**Statutes**

N.C. Gen. Stat. § 55-11A-13(a) ......................................................................................................8

N.C. Gen. Stat. § 55-11A-13(a)(1) ...........................................................................................8, 9

N.C. Gen. Stat. § 57D-9-23............................................................................................................9

N.C. Gen. Stat. § 57D-9-23(a) .......................................................................................................8

N.C. Gen. Stat. § 57D-9-23(a)(1) ..................................................................................................9

N.C. Gen. Stat. § 57D-9-23(b).....................................................................................................8,9

N.Y. Ltd. Liab. Co. Law § 801 .................................................................................................11

N.Y. Ltd. Liab. Co. Law § 805 .................................................................................................11

N.Y. Ltd. Liab. Co. Law § 801(a) ............................................................................................6, 7

New York Labor Law ........................................................................................................... *passim*

New York Labor Law § 191(1)(a)(ii) ......................................................................................4, 5

New York Limited Liability Company Law ............................................................................10

New York Limited Liability Company Law Section 802 .......................................................10

North Carolina Business Corporation Act ..............................................................................8

North Carolina Business Corporation Act, N.C. Gen. Stat. § 55-1-01 *et seq.* ..................8

North Carolina Limited Liability Company Act ....................................................................8

North Carolina Limited Liability Company Act, N.C. Gen. Stat. § 57D-1-01 *et seq.* ......................................................................................................................................8

NYLL § 191 ................................................................................................................................13

NYLL § 191(1)(a) .....................................................................................................................4, 5

NYLL § 191(1)(a)(i) ..............................................................................................................1, 2, 5

NYLL § 195 ................................................................................................................................12

NYLL § 195(3) .............................................................................................................................2

NYLL § 218(5) ...........................................................................................................................13

NYLL § 219 ................................................................................................................................13

NYLL § 219(4) ...........................................................................................................................13

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ...............................................................................................................1

Fed. R. Civ. P. 56(c) ....................................................................................................................3

Federal Rule of Civil Procedure 56 ........................................................................................13

Local Civil Rule 56.1 ...................................................................................................................2

Lowe's Home Centers, LLC ("Home Centers, LLC") and Lowe's Companies, Inc. ("Companies, Inc.") (collectively, "Defendants"), by and through their attorneys, respectfully submit this Memorandum of Law in Support of their Motion for Summary Judgment to dismiss the Amended Complaint ("Amended Complaint") of Plaintiff ("Plaintiff" or "Rodrigue"), pursuant to Federal Rule of Civil Procedure 56.

## PRELIMINARY STATEMENT

Plaintiff's Amended Complaint must be dismissed because Home Centers, LLC is properly authorized to pay manual workers bi-weekly. As a result, Plaintiff, who purports to be a manual worker, fails to assert facts that establish cognizable claims against Defendants for violations of the New York Labor Law ("NYLL" or the "Labor Law").

Plaintiff asserts a cause of action under NYLL § 191(1)(a)(i), claiming that because he is a manual worker, Defendants improperly paid him bi-weekly, rather than weekly as required by the Labor Law. Am. Compl. ¶¶ 4–6; 45–46, Dkt. No. 18. Plaintiff's claim fails as a matter of law because even assuming *arguendo* that he is a manual worker, Home Centers, LLC is properly authorized by the Commissioner of Labor of the State of New York (the "Commissioner") to pay manual workers bi-weekly pursuant to an authorization provided in April 1999 (the "Authorization"). On April 6, 1999, the Commissioner granted the Authorization to Lowe's Home Centers, Inc. ("Home Centers, Inc.") and this Authorization remains effective today to permit Home Centers, LLC to continue to pay manual workers on a bi-weekly basis. Plaintiff's arguments to the contrary are unavailing and ignore controlling principles of law.

For these and other reasons set forth below, Defendants respectfully submit that the Court grant Defendants' motion in their favor, and dismiss Plaintiff's Amended Complaint in its entirety and with prejudice.

1

84134280v.9

## RELEVANT FACTS

Defendants respectfully refer the Court to Defendants' Statement of Undisputed Material Facts pursuant to Local Civil Rule 56.1 for a complete statement of the undisputed material facts in this litigation. *See* Defendants' Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1 ("SOF").

## PROCEDURAL HISTORY

On February 28, 2020, Plaintiff filed this putative class action. Dkt. No. 1. Plaintiff filed his Amended Complaint on June 2, 2020. Dkt. No. 18. Plaintiff alleges he has been employed by Defendants as a "Customer Service Associate" since around May 2016. Am. Compl. ¶¶ 9; 36, Dkt. No. 18. Plaintiff contends that he spends more than twenty-five percent of his shift performing physical tasks, and is therefore a "manual worker." *Id*. at ¶¶ 38–39. The Amended Complaint alleges Defendants (1) improperly paid Plaintiff, and others, on a bi-weekly basis, rather than weekly, in violation of NYLL § 191(1)(a)(i), and (2) failed to provide him, and others, accurate wage statements, in violation of NYLL § 195(3).

On July 17, 2020, Defendants moved to dismiss Plaintiff's Amended Complaint for failure to state a claim. Dkt. No. 20. As part of their motion to dismiss, Defendants argued Home Centers, LLC did not fail to pay timely wages because it is authorized to pay manual workers on a bi-weekly basis per the Authorization from the New York State Department of Labor.

On August 27, 2021, this Court issued a Memorandum and Order, denying dismissal of Plaintiff's Count I, which alleges failure to pay timely wages, and granting dismissal of Count II, which alleged failure to provide accurate wage statements. Dkt. No. 28. The Court declined to consider the Authorization, finding it neither integral to the complaint nor amenable to judicial

2

notice. *Id.* at 8. The Court requested "the magistrate judge overseeing pretrial matters consider expedited, targeted discovery that relates to the authorization-letter defense." *Id.*

Defendants filed their Answer to the Amended Complaint on September 24, 2021. Dkt. No. 31. On September 28, 2021, Magistrate Judge Roanne Mann issued an order explaining the parties agreed "to engage in limited discovery concerning the Department of Labor letter and Defendants' corporate structures, and to defer discovery concerning the class action and the issue of whether Plaintiff qualifies as a manual laborer." Dkt. No. 33.[1] The parties completed this limited discovery in March 2022. On April 4, 2022, Defendants requested a pre-motion conference in connection with their anticipated motion for summary judgment. Dkt. No. 38. On April 20, 2022, the Court determined a pre-motion conference was not necessary and permitted Defendants to file their motion for summary judgment.

In light of the limited discovery, Defendants now move for summary judgment to dismiss the Amended Complaint on the basis that Home Centers, LLC is permitted to pay manual workers on a bi-weekly basis.

## STANDARD OF REVIEW

A party is entitled to summary judgment if the pleadings, depositions, affidavits, and other discovery establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). The party seeking summary judgment bears the initial responsibility of identifying the bases for its motion and those portions of the record that demonstrate the absence of a genuine factual issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-

---

[1] As the parties have not engaged in discovery concerning the class or whether Plaintiff qualifies as a manual laborer, this motion does not address those issues. Should the Court deny Defendants' motion for summary judgment, Defendants reserve their rights to discovery, additional legal arguments, and motion practice on all issues not yet addressed in the limited discovery or this motion.

3

24 (1986). If the movant satisfies this burden, the non-moving party must proffer admissible evidence demonstrating that a trial is required because disputed issues of material fact exist. *Liberty Lobby*, 477 U.S. at 249.

For Plaintiff to survive summary judgment, he "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Plaintiff may not rely on evidence that is merely colorable, conclusory or speculative; rather, he must present "concrete evidence from which a reasonable [fact-finder] could return a verdict in his favor." *Liberty Lobby,* 477 U.S. at 256; *W. World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir. 1990) (nonmoving party "cannot escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts, or defeat the motion through mere speculation or conjecture") (internal quotations and citations omitted).

## ARGUMENT

I.  **Defendants are Authorized by the Commissioner to Pay Plaintiff and Others on a Bi-weekly Basis**

Plaintiff's claim that Defendants failed to timely pay him and others in accordance with NYLL § 191(1)(a) falls apart in light of the Authorization provided by the Commissioner of Labor, pursuant to NYLL § 191(1)(a)(ii), for Home Centers, Inc. "to pay wages to its manual workers employed in New York State on a biweekly basis." SOF ¶ 2; Declaration of Howard M. Wexler ("Wexler Decl."), Ex. B at DEFS 1. Recognizing that the Authorization is fatal to his claims, Plaintiff has argued that the Authorization is applicable only to Home Centers, Inc. and is not in effect for Home Centers, LLC. But Home Centers, Inc. did not dissolve or terminate. Under applicable North Carolina law, and as reflected in federal, North Carolina, and New York documents, Home Centers, Inc. *continues* to exist as the same entity in the form of a limited

4

liability company, Home Centers LLC.  As such, the Authorization continues to be vested in Home Centers, LLC.  Because Home Centers, LLC is, therefore, authorized by the Commissioner to pay manual workers[2] on a bi-weekly basis, summary judgment should be granted to Defendants dismissing Plaintiff's claims.

> **A.** *New York Labor Law § 191(1)(a)(ii) Permits the Commissioner to Authorize a Biweekly Pay Schedule for Manual Laborers*

Plaintiff asserts that despite being a manual worker, Defendants paid him and others bi-weekly instead of weekly as required by NYLL § 191(1)(a)(i).  Am. Compl. ¶¶ 4–7; 45–46, Dkt. No. 18.  But NYLL § 191(1)(a) contains two subsections, the second of which provides, in relevant part, that "[t]he commissioner may authorize an employer . . . to pay less frequently than weekly but not less frequently than semi-monthly."  NYLL § 191(1)(a)(ii).  In other words, a bi-weekly payment schedule, of the kind experienced by Plaintiff, is expressly permitted under New York Labor Law where authorized by the Commissioner.

Defendants are fully in compliance with NYLL § 191(1)(a), as they have been authorized by the Commissioner since April 1999 to pay manual workers bi-weekly wages.  In February 1999, Companies, Inc., as the sole parent company of Home Centers, Inc., submitted an application requesting that the New York Department of Labor permit Lowe's Home Centers, Inc. to pay manual workers on a biweekly basis.  SOF ¶¶ 1, 5; Wexler Decl. Ex. O at DEFS 469-476.  In April 1999, the Commissioner advised Companies, Inc. "that Lowe's Home Centers, Inc., has satisfied all of the conditions[3] enumerated in [NYLL § 191(1)(a)(ii),]" and "grant[ed] authorization for Lowe's Home Centers, Inc., to pay wages to its manual workers employed in

---

[2]  Defendants do not concede that Plaintiff, and the purported class he seeks to represent, are "manual workers" as that term is used in NYLL § 191(1)(a), but even if they do meet this definition, summary judgment should be granted to Defendants for the reasons discussed herein.

[3]  The Commissioner is required to consider the employer's history of meeting payroll responsibilities, proof of workers' compensation and disability coverage, proof of no outstanding warrants, and proof of a computerized record keeping system.  NYLL § 191(1)(a)(ii).

5

New York State on a biweekly basis." SOF ¶ 2; Wexler Decl. Ex. B at DEFS 1. There can be no dispute of material fact that Home Centers, Inc. was authorized to pay manual workers on a bi-weekly basis. Moreover, as discussed below, as a matter of law this Authorization carried over when Home Centers, Inc. converted its business form to a limited liability company, and is just as applicable to Home Centers, LLC. Because Defendants were authorized to pay Plaintiff bi-weekly under the express provisions of New York Labor Law, summary judgment should be granted dismissing Plaintiff's claim.

> **B.** *North Carolina Law Commands that Home Centers, Inc. Continues to Exist Through Home Centers, LLC, and Home Centers, Inc.'s Authorization is Home Centers, LLC's Authorization*

In November 2013, Home Centers, Inc., a North Carolina corporation, converted its business form to a limited liability company, organized under the laws of North Carolina, resulting in Home Centers, LLC—a named defendant. *See* SOF ¶¶ 16 17; Wexler Decl. Ex. C at DEFS 2-3; Wexler Decl. Ex. A at Green Dep. 9:6-7. The conversion permitted Home Centers, Inc. to convert to Home Centers, LLC without any break in the continuity of the legal entity. By law and deed, Home Centers, LLC is the same entity as it was before the conversion. By operation of law, the Authorization continues to be vested in Home Centers, LLC.

> **1.  North Carolina Law Applies to the Continuity of Home Centers LLC's Organization**

Under New York law, "the laws of the jurisdiction under which a foreign limited liability company is formed govern its organization and internal affairs and the liability of its members and managers[.]" NY Limit Liab Co § 801(a). This law is applied "broadly" and is "not limited by its terms to claims among and between the LLC and its members[.]" *In re Boston Generating LLC*, 617 B.R. 442, 466 (Bankr. S.D.N.Y. 2020), *aff'd sub nom. Holliday v. Credit Suisse Sec. (USA) LLC*, No. 20 CIV. 5404 (GBD), 2021 WL 4150523 (S.D.N.Y. Sept. 13, 2021).

Here, the central legal question for the Court to determine is whether, upon conversion from a corporation to a limited liability company, Home Centers, LLC, continued in existence as the surviving limited liability company with a vested right to the Authorization. This question is squarely within the realm of Home Centers, LLC's "organization," and also speaks to the liability of its members and managers, and must be answered by application of North Carolina law. The Southern District of New York's opinion in *Schiff v. ZM Equity Partners, LLC*, is instructive. No. 19CV4735, 2020 WL 5077712, at *3 (S.D.N.Y. Aug. 27, 2020). In *Schiff*, the issue arose as to whether a Delaware limited liability company could be sued in light of its dissolution in Delaware. *Id.* Finding that "Delaware law govern[ed]" the question pursuant to NY Limit Liab Co § 801(a), the Court examined Delaware's law with respect to the continuity and dissolution of an LLC, dismissing the suit as it was filed after the LLC was dissolved pursuant to applicable Delaware law. *Id.* Similarly, in *Treeline 1 OCR, LLC v. Nassau Cnty. Indus. Dev. Agency*, a New York State appellate court was faced with the question of whether a Texas limited liability company could be sued after its dissolution under Texas law; the court readily applied the pertinent Texas LLC statute in making its determination. 82 A.D.3d 748, 751, 918 N.Y.S.2d 128, 131 (2d Dept. 2011).

Here, as in *Schiff* and *Treeline*, the underlying legal issue demands an examination of the organization of an LLC through the application of the LLC's home state's law. In particular, the Court must determine whether the Authorization was carried over from Home Centers, Inc. (a North Carolina corporation) to Home Centers, LLC (a North Carolina LLC), and remains in effect to this day. This is a question of North Carolina law. As set forth herein, the answer, as a matter of North Carolina law, is unequivocally yes.

7

> **2.  Home Centers, LLC is a Continuation of Home Centers, Inc. and Retains a Vested Right to the Authorization Under Applicable North Carolina Law**

North Carolina permits conversions of corporations to limited liability companies by which the entity does *not* dissolve and the corporation's property *remains* vested in the surviving LLC.  The process and effects of a conversion of a North Carolina corporation to a North Carolina limited liability company are governed by both the North Carolina Limited Liability Company Act, N.C. Gen. Stat. § 57D-1-01 *et seq.,* and the North Carolina Business Corporation Act, N.C. Gen. Stat. § 55-1-01 *et seq.*  In particular, the North Carolina Limited Liability Company Act provides that upon the effectiveness of a conversion to an LLC, the following occurs:

> (1)  *The converting entity ceases its prior form of organization and continues in existence as the surviving entity.*
>
> (2)  *The title to all real estate and other property owned by the converting entity continues to be vested in the surviving entity without reversion or impairment.*
>
> (3)  All liabilities of the converting entity continue as liabilities of the surviving entity.
>
> (4)  A proceeding pending by or against the converting entity remains pending by or against the surviving entity *as if the conversion did not occur*.
>
> (5)  The equity or beneficial ownership interests in the converting entity that are to be converted into ownership interests, obligations, or securities of the surviving entity or into the right to receive cash or other property are thereupon so converted, and the former holders of equity or beneficial ownership interests in the converting entity are entitled only to the rights provided, including by reference, in the plan of conversion and the surviving entity's operating agreement.

N.C. Gen. Stat. § 57D-9-23(a) (emphases added).  The North Carolina Business Corporation Act provides for practically identical effects for the conversion of a corporation.  N.C. Gen. Stat. § 55-11A-13(a).  Both Acts provide the same specific guidance that a conversion does "not constitute a dissolution or termination of the converting" entity.  *See* N.C. Gen. Stat. § 55-11A-

8

84134280v.9

13(a); N.C. Gen. Stat. § 57D-9-23(b). The law is clear that a converting entity continues in existence as the surviving entity. *See* N.C. Gen. Stat. § 57D-9-23(a)(1); N.C. Gen. Stat. § 55-11A-13(a)(1). North Carolina courts have treated a pre-conversion entity and a post-conversion entity as the same entity. *See, e.g.*, *Ramsey v. Bimbo Foods Bakeries Distrib., LLC*, No. 5:15-CV-6, 2015 WL 1611339, at *1 n.1 (E.D.N.C. April 10, 2015) (explaining that although plaintiff sued defendant as both a corporation and limited liability company, the case involves only one defendant in light of defendant's conversion from a corporation to a limited liability company).

Here, by operation of North Carolina law, Home Centers, Inc. *converted* to Home Centers, LLC. It did not cease operations, and did not dissolve or terminate, but instead ceased its form of organization as a corporation and continues to exist as a limited liability company. *See* N.C. Gen. Stat. § 55-11A-13(a)(1). All assets, properties, debts and liabilities of Home Centers, Inc. continues to be vested in Home Centers, LLC. *See* N.C. Gen. Stat. § 57D-9-23. See also SOF ¶ 37; Green Dep. 17:7-18. This includes intangible property, such as the Authorization. *See Stock Bldg. Supply, Inc. v. Platte River Ins. Co.*, No. 2013-CV-239823, 2015 WL 12551623, at *5 (Ga.Super. Mar. 03, 2015) ("The unrefuted evidence in this case demonstrates [plaintiff] was not dissolved, but converted into [an LLC] under North Carolina law. N.C.G.S.A. § 57D-9-23(a)(l). North Carolina law **allows title to all property owned by the converting entity** -which would include [plaintiff's] claim against the Bond -**to be vested in the surviving entity without reversion or impairment**") (emphasis added).

C. *Record Evidence Further Demonstrates that Home Centers, LLC is a Continuation of Home Centers, Inc.*

In addition to the Authorization's continued effect by operation of law discussed above, the evidence in the record, including federal, North Carolina, and New York state materials, demonstrate Home Centers, Inc.'s continued function through Home Centers, LLC, and that the

9

84134280v.9

Authorization applies today for Home Centers, LLC as it did for Home Centers, Inc. prior to and in 2013.

*First*, key identification numbers used for federal and state law and other purposes demonstrate that Home Centers, LLC is a continuation of Home Centers, Inc. Home Centers, LLC maintains the same federal employer identification number as Home Centers, Inc. did prior to the conversion. *See* SOF ¶¶ 8, 23, 35, 38; Wexler Decl. Ex. I at DEFS 11-13. Home Centers, LLC's North Carolina Secretary of State identification number is the same as Home Centers, Inc.'s North Carolina Secretary of State corporate identification number. *See* SOF ¶¶ 9, 24, 38; Wexler Decl. Ex. A at Green Dep. 17:14-15; Wexler Decl. I at DEFS 11-13. Home Centers, LLC's Articles of Organization provides the same registered office address and same principal office address as provided on Home Centers, Inc.'s Business Corporation Annual Report filed in 2013, the year of the conversion. *See* SOF ¶¶ 12, 28; Wexler Decl. Ex. C at DEFS 2-3; Wexler Decl. Ex. D at DEFS 4; Wexler Decl. Ex. F at DEFS 8. Furthermore, Home Centers, LLC maintains the same New York State Department of Labor Unemployment Insurance registration number and carrier identification number as Home Centers, Inc. did prior to the conversion. *See* SOF ¶¶ 10, 11, 25, 26; Wexler Decl. Ex. G at DEFS 9; Wexler Decl. Ex.H at DEFS 10. In 2015, Home Centers, LLC submitted a Business Tax Account Update to the New York State Department of Taxation and Finance explaining that Home Centers, Inc. "converted to an LLC with the same [federal employer identification number] already filed with [the Secretary of State.]" *See* SOF ¶ 25; Wexler Decl. I at DEFS 11-13.[4] Also, Companies, Inc. was the sole

---

[4] Though Home Centers, LLC maintains a different New York State Department of State identification number than Home Centers, Inc., this is a mere formality under the New York Limited Liability Company Law and has no bearing on Home Centers, Inc.'s continued existence as a limited liability company under North Carolina laws. Home Centers, LLC filed its Application for Authority to do business as a limited liability company in New York, as required by Section 802 of the New York Limited Liability Company Law. *See* SOF ¶¶ 18, 20; Wexler Decl. J at DEFS 14-21; *see also* N.Y. Ltd. Liab. Co. Law § 802. Notably, the Application for Authority states that the date of Home Centers, LLC's organization is October 13, 1958, and the Department of State accepted this

10

parent company of Home Centers, Inc., and remains the sole parent company and sole member of Home Centers, LLC. *See* SOF ¶¶ 5, 6. Nearly all of Home Centers, Inc.'s principal officers in 2013 became the officials of Home Centers, LLC. *See* SOF ¶¶ 14, 31; Wexler Decl. Ex. D at DEFS 4-5; Wexler Decl. Ex. F at DEFS 8.

*Second*, state records in both North Carolina and New York recognize that Home Centers, LLC is a continuation of the same business entity dating back over sixty years. In particular, Lowe's Investment Corporation, the predecessor to Home Centers, Inc., filed its Articles of Incorporation with the North Carolina Secretary of State on or around October 13, 1958. *See* SOF ¶ 39; Wexler Decl. J at DEFS 20-21. Home Centers, LLC's Certificate of Existence, which was certified by the North Carolina Department of the Secretary of State, provides accordingly that the LLC was "formed on the 13th day of October, 1958, with its period of duration being Perpetual." *See* SOF ¶ 18; Wexler Decl. J at DEFS 18. The North Carolina Secretary of State Business Registration Lookup reflects this history as well, listing Home Centers, LLC's "Legal Name" as "Lowe's Home Centers, LLC," with "Prev[ious] Legal Name[s]" of "Lowe's Home Centers, Inc." and "Lowe's Investment Corporation," and a "Date Formed" of "10/13/1958." Wexler Decl. Ex. P and North Carolina Secretary of State Business Registration Results as retrieved June 14, 2022 and publically available at the following website link: https://www.sosnc.gov/online_services/search/Business_Registration_Results. In addition, Home Centers, LLC submitted its North Carolina Certificate of Existence, reflecting a 1958 formation date, with its Application for Authority to the New York State Department of State,

---

representation. *See* SOF ¶¶ 18, 20; Wexler Decl. J at DEFS 16. The latest New York State Department of State identification number was provided on the Certificate of Authority under Section 802 of the New York Limited Liability Company Law and resulted from the Application for Authority. New York permits a foreign limited liability company to be granted authority to do business in New York State, yet also permits continued governance by the law of its home jurisdiction as to its organization and internal affairs and the liability of its members and managers. *See* N.Y. Ltd. Liab. Co. Law §§ 801, 805.

11

which the Department accepted when it issued Home Centers, LLC its Certificate of Authority. *See* SOF ¶¶ 18, 20; Wexler Decl. J at DEFS 18. Furthermore, while Plaintiff has made much in this litigation of the New York State Department of State's "Entity Information" page listing "Lowe's Home Centers, Inc." as having an "inactive" date of November 15, 2013 and including the formality of a "termination" of the Corporation, further investigation of this same database shows that when searching for the entity under its *current* name, "Lowe's Home Centers, LLC," the Department of State recognizes the continuity of the entity by listing its "foreign formation date" as October 13, 1958. Wexler Decl. Q and New York State Department of State, Division of Corporations, Entity Information Search Results as retrieved June 15, 2022 and publically available at the following website link: https://apps.dos.ny.gov/publicInquiry/EntityDisplay.

*Finally*, in May 2014, Companies, Inc. notified the New York State Department of Labor—the entity that issued the April 1999 Authorization permitting bi-weekly pay for manual workers—that "Lowe's Home Centers, Inc. . . . underwent a conversion to a Limited Liability Company under the laws of North Carolina," provided it with the Certificate of Authority, and advised that the New York State Department of Taxation was previously notified of the conversion. *See* SOF ¶ 33; Wexler Decl. K at DEFS 22. Companies, Inc. did not receive a response to the May 2014 correspondence. SOF ¶ 34; Green Dep. 17:21-18:3. The New York State Department of Labor did not withdraw the April 1999 authorization to pay biweekly, nor did it direct Lowe's Home Centers, LLC to re-apply for permission to pay bi-weekly.

The State of North Carolina, the State of New York, and the United States federal government recognize Home Centers, Inc. and Home Centers, LLC as being a continuous entity. This Court should, too.

## II.  The New York Labor Law Supports the Continued Validity of the Authorization

Even if the Court applies New York Labor Law rather than North Carolina LLC law to determine whether the Authorization continues to be vested in Home Centers, LLC, the result would be the same: it is.  New York's Labor Law nowhere requires that an existing business with an authorization must seek a new authorization when it changes its business form.  To the contrary, the Labor Law is replete with examples evincing a legislative intent to recognize substance over form when analyzing employment by a successor entity.

For example, NYLL § 219, which governs violations of certain wage payment provisions, including Article 6 of the NYLL, where NYLL § 191 is located (the provision of the NYLL which Plaintiff's Amended Complaint is based), was amended in 2014 to further protect employees by treating employers that are substantially similar employers, under certain criteria, as the same employer.  *See* NYLL § 219(4) ("An employer similar in operation and ownership to a prior employer found to be in violation of article six, nineteen or nineteen-A of this chapter, shall be deemed the same employer for the purposes of this section if the employees of the subsequent employer are engaged in substantially the same work in substantially the same working conditions under substantially the same supervisor").  As another example, NYLL § 218(5) provides a similar requirement for violations of certain other provisions.  The Labor Law thus prevents employers from escaping liability for wage theft by, for example, a conversion and name change of the sort that Home Centers, Inc. undertook when it converted to an LLC.  As a practical matter, therefore, Home Centers, LLC would be subject to liability for wage violations committed by Home Centers, Inc.  It therefore makes sense in the context of New York Labor Law as a whole, that substance over form should also govern here, and that the Authorization survives the entity conversion and remains in effect.

13

84134280v.9

## **CONCLUSION**

For the reasons set forth above, pursuant to Federal Rule of Civil Procedure 56, Defendants respectfully request that the Court dismiss all claims against Defendants with prejudice. Defendants also respectfully request that the Court grant Defendants their attorneys' fees and costs as well as such other and/or further relief as the Court may deem just and proper.

                                                  SEYFARTH SHAW LLP
                                                  Attorneys for Defendants

                                                  By: */s/ Howard M. Wexler*
                                                  Lynn A. Kappelman
                                                  Howard M. Wexler
                                                  620 Eighth Avenue, 32nd Floor
                                                  New York, New York 10018
                                                  Telephone: (212) 218-5500
                                                  lkappelman@seyfarth.com
                                                  hwexler@seyfarth.com

Dated: June 15, 2022

14