## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SERGE RODRIGUE, on behalf of himself and all others similarly situated,** | |
| **Plaintiff,** | **No.: 20 Civ. 01127 (RPK)(RLM)** |
| **-against-** | |
| **LOWE'S HOME CENTERS, LLC, and LOWE'S COMPANIES, INC.,** | |
| **Defendants.** | |

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Hunter G Benharris
28 Liberty Street
New York, New York 10005
Telephone: (212) 300-0375

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ------------------------------------------------------------------------------- iii

**PRELIMINARY STATEMENT** ---------------------------------------------------------------------- 1

**PROCEDURAL HISTORY** ------------------------------------------------------------------------- 1

**LEGAL STANDARD** -------------------------------------------------------------------------------- 2

**ARGUMENT** --------------------------------------------------------------------------------------------- 3

I.    **DEFENDANTS ARE NOT AUTHORIZED TO PAY THEIR MANUAL WORKER EMPLOYEES ON A BIWEEKLY BASIS** ------------------------------------------------------ 3

   **A. Plaintiff Was Not Employed By LHCI** ------------------------------------------------------- 3

      **i. Defendants Admit LHCI is Not an Employer** ------------------------------------------- 3

      **ii. LHCI Has Not Been Established as Plaintiff's Employer** ------------------------------ 5

      **iii. Defendants' Reliance on NYLL § 219 is Mistaken** ---------------------------------- 6

   **B. Whether Plaintiff Was Employed by LHCI is Not a Question of Internal Affairs** ----- 6

   **C. Defendants Made Practically Zero Effort to Comply with the NYLL** -------------------- 8

**CONCLUSION** ----------------------------------------------------------------------------------------------- 9

## **TABLE OF AUTHORITIES**

CASES

*Alvarado v. Five Towns Car Wash, Inc.*,
No. 13 Civ 1672 (RJD), 2014 WL 4678258 (E.D.N.Y. Sept. 19, 2014) ........................................ 3

*Barfield v. N.Y. City Health and Hosps. Corp.,*
537 F. 3d 132 (2d Cir. 2008) .......................................................................................................... 5

*Callari v. Blackman Plumbing Supply, Inc.,*
988 F. Supp. 2d 261 (E.D.N.Y. 2013) ........................................................................................... 2

*Cameron v. Lowe's Home Centers, Inc.*,
No. 17 Civ. 201, ECF No. 6 (E.D. Va. May 3, 2017) ...................................................................... 4

*Knight v. U.S. Fire Ins. Co.*,
804 F.2d 9 (2d Cir. 1986) ................................................................................................................ 3

*Liu v. Millenium Motors Sport, LLC*,
No. 17 Civ. 6438 (RPK) (RER), 2021 WL 4268136 (E.D.N.Y. May 24, 2021) ........................... 5

*Mendez v. MCSS Rest Corp.*,
564 F. Supp. 3d 195 (E.D.N.Y. 2021) ....................................................................................... 3, 5

*Morales v. 5 Brothers Restaurant, Inc.*,
No. 14 Civ. 4702 (LDW), 2016 WL 5118284 (E.D.N.Y. March 15, 2016) .................................. 3

*Napoli v. 243 Glen Cove Ave. Grimaldi, Inc.*,
397 F. Supp. 3d 249 (E.D.N.Y. 2019) ........................................................................................... 5

*New Greenwich Litigation Trustee, LLC v. Citco Fund Services (Europe) B.V.*,
145 A.D. 3d 16 (1st Dept. 2016) .................................................................................................... 6

*Reeder v. Lowe's Home Centers, Inc.*,
No. 15 Civ. 56 (JPJ) (PMS), ECF No. 4 (W.D. Va. Dec. 4, 2015) ................................................ 4

*Rembert v. Lowe's Companies, Inc.*,
No. 21 Civ. 638, ECF No. 17 (N.D. Tex. Aug. 30, 2021) ............................................................. 4

*Schiff v. ZM Equity Partners, LLC,*
No. 19 Civ. 4735, 2020 WL 5077712 (S.D.N.Y. Aug. 27, 2020) .................................................. 7

*Treeline 1 OCR, LLC v. Nassua Cnty. Indus. Dev. Agency,*
82 A.D. 748 (N.Y. App. Div. 3d Dept. 2011) ................................................................ 7

*Tyco Int'l, Ltd. v. Kozlowski,*
756 F. Supp. 2d 553 (S.D.N.Y. 2010) .......................................................................... 6

*Zalaski v. City of Bridgeport Police Dep't.,*
613 F.3d 336 (2d Cir. 2010) ........................................................................................ 2

<u>Statutes</u>

Fed. R. Civ. P. 56 ............................................................................................................. 2

N.C. Gen. Stat. § 55-11A-10 ........................................................................................... 8

N.Y. Bus. Corp. § 1310 .................................................................................................... 7

N.Y. Bus. Corp. Law § 1302 ........................................................................................... 7

New York Lab. Law § 191 ........................................................................................... 1, 3

New York Lab. Law § 219 ............................................................................................... 6

iv

## PRELIMINARY STATEMENT

Defendants' contention that they were properly authorized to pay Plaintiff on a bi-weekly basis stems from a misunderstanding of New York Labor Law ("NYLL") § 191 (1)(a)(ii), which allows an "**employer**" to receive authority from the New York Department of Labor ("NYDOL") to pay manual workers on a biweekly basis. Defendants argue that they are shielded from NYLL §191 because nonparty Lowe's Home Centers, Inc. ("LHCI") received this authorization in April 1999. However, there is one major problem: LHCI was never Plaintiff's employer. Defendants' own statements, both in this matter and other litigation, Plaintiff's allegations, and controlling law prove that Plaintiff was at no time employed by LHCI. Defendants' focus on the internal affairs doctrine or other issues regarding Defendants' reincorporation out of LHCI is inapposite, because this is solely a question of who Plaintiff is employed by according to New York Labor Law. The NYDOL did not grant LHCI an asset it could transfer however it liked. The granting of such authorization is a privilege, given from the NYDOL to an **employer**, which exists to protect manual workers in New York. Plaintiff has not alleged that he was employed by LHCI, nor have Defendants. Accordingly, Defendants have not established that they are entitled to the exemption that was provided to LHCI. Moreover, Defendants failure to take any steps to ensure compliance with the NYLL exposes their own lack of knowledge as to whether their pay policies are lawful under NYLL § 191. Certainly, Defendants cannot clear the high bar of summary judgement. Accordingly, Plaintiff respectfully requests that the Court deny Defendants' motion in its entirety.

## PROCEDURAL HISTORY

Plaintiff filed this action on February 28, 2020, alleging that Defendants violated NYLL § 191(1)(a) by failing to pay Plaintiff and similarly situated manual workers on a timely basis. *See* ECF No. 1. On July 17, 2020 Defendants moved pursuant to Rule 12(b)(6) to dismiss Plaintiff's

complaint for failure to state a claim. *See* ECF No. 20. Defendants motion in part argued that because the NYDOL granted LHCI an exemption to the weekly pay requirements, that this exemption should carry forward to Defendants. *See id.*

On August 27, 2021 the Court denied Defendants' motion with respect to Plaintiff's timely pay claims. *See* ECF No. 28. The Court further requested that the Parties conduct limited discovery regarding LHCI's purported exemption letter. *See id.*

Pursuant to Judge Mann's order on September 28, 2021, the parties engaged in limited discovery concerning the NYDOL letter and Defendants' corporate structures. *See* ECF No. 33 According to this order, Plaintiff served Defendants with document demands and a deposition notice on the issues of Defendants' corporate structure and Defendants' compliance efforts with the NYLL. *See* Deposition Transcript of Grace Ridley ("Ridley Dep."); Deposition Transcript of David Green ("Green Dep.").[1] Unfortunately for Defendants, this limited targeted discovery yielded no additional information helpful to their position.  Defendants now move for summary judgement despite their failure to establish that there are no genuine issues of material fact.

## **LEGAL STANDARD**

"It is well-settled that a motion for summary judgment under Fed. R. Civ. P. 56 may be granted by the [c]ourt only if the evidence presents no genuine issues of material fact and the moving party is entitled to judgment as a matter of law."  *See e.g.*, *Callari v. Blackman Plumbing Supply, Inc.*, 988 F. Supp. 2d 261, 275 (E.D.N.Y. 2013).  The moving party bears the burden of establishing the absence of any genuine issue of material fact.  *See Zalaski v. City of Bridgeport Police Dep't.,* 613 F.3d 336, 340 (2d Cir. 2010).  When "determining whether a genuine issue of material fact precludes summary judgment, [the court] view[s] the evidence in the light most

---

[1] The Ridley Deposition is attached as **Exhibit A**. The Green Deposition transcript is attached as **Exhibit B**.

favorable to the non-moving parties" and "draw[s] all reasonable inferences and resolve all ambiguities in favor of the non-moving parties." *See Alvarado v. Five Towns Car Wash, Inc.*, No. 13 Civ 1672 (RJD), 2014 WL 4678258, at *1 (E.D.N.Y. Sept. 19, 2014). "In determining whether summary judgment is warranted, 'the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party.'" *See Morales v. 5 Brothers Restaurant, Inc.*, No. 14 Civ. 4702 (LDW), 2016 WL 5118284, at *1 (E.D.N.Y. March 15, 2016) (citing *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986)).

## ARGUMENT

### I. DEFENDANTS ARE NOT AUTHORIZED TO PAY THEIR MANUAL WORKER EMPLOYEES ON A BIWEEKLY BASIS

#### A. Plaintiff Was Not Employed By LHCI

There is no dispute that NYLL § 191(1)(a)(ii) allows only an "**employer**" to receive authorization to pay a manual worker on a semi-monthly basis. Defendants' argument falls apart on the simple proposition that Plaintiff was not employed by LHCI. Plaintiff does not need to rely on his own argument on this point, but only the statements provided by Defendants themselves.

Moreover, employer status is a question of fact that must be established by one of the parties. *See Mendez v. MCSS Rest Corp.*, 564 F. Supp. 3d 195, 206 (E.D.N.Y. 2021) (Kovner, J.) (partially denying plaintiff's motion for summary judgment "[b]ecause plaintiff failed to present evidence about [defendant's] status as an employer under the NYLL"). Defendants have not alleged the facts necessary to establish that Plaintiff was employed by LHCI..

##### i. Defendants Admit LHCI is Not an Employer

First, Defendants' own corporate witness plainly stated that the putative class members were not, and could not have been, employed by Lowe's Home Centers, Inc:

3

Q: So is it fair to say that as of the November date of the conversion, Lowe's Home Centers, Inc. became a essentially nullity and an entity that did not continue to exist in any, way, shape, or form?

A: Lowe's Home Centers, Inc. was no longer the employer after that point in time.

Q: So as of November 2013, Lowe's Home Centers Inc. did not employ anybody, correct?

A: Correct

See Ridley Dep., ¶19:20 – 20:04 (objection omitted).

Moreover, Defendants have consistently answered other employment matters by asserting that LHCI is not an employer or that it does not exist. *See e.g. Rembert v. Lowe's Companies, Inc.*, No. 21 Civ. 638, ECF No. 17, ¶ 11 (N.D. Tex. Aug. 30, 2021) ("[plaintiff] was employed with Lowe's Home Centers, LLC. Defendants Lowe's Companies, Inc. and Lowe's Home Centers, Inc. deny that they employed [plaintiff]); [2] *Cameron v. Lowe's Home Centers, Inc.*, No. 17 Civ. 201, ECF No. 6, ftn. 1 (E.D. Va. May 3, 2017) ("Lowe's Home Centers, Inc. is not [p]laintiff's employer and therefore, is improperly named as defendant in this action. [p]laintiff's employer is Lowe's Home Centers, LLC"); *Reeder v. Lowe's Home Centers, Inc.*, No. 15 Civ. 56 (JPJ) (PMS), ECF No. 4, ftn. 1 (W.D. Va. Dec. 4, 2015) ("[plaintiff] incorrectly identifies Defendant as 'Lowe's Home Centers, Inc.' … Lowe's Home Centers, LLC employs [plaintiff]); *see also* ECF No. 21-2.

Plaintiff has asserted before that Defendants' characterization of LHCI has changed depending on how it suits their advantage, and that the court should not allow this clearly inconsistent position to give Defendants an unfair advantage. *See* ECF No. 21, pgs. 18-19. While Plaintiff's arguments do not bear repeating, it is worth noting that Defendants have never explained why they have taken these contrary positions in the past. In fact, Defendants objected to all

---

[2] Defendants' answer to *Rembert* came more than one year after their filing of the motion to dismiss in this matter, and their continued insistence in separate actions that LHCI is not an employer shows that they will change their portrayal to the status of LHCI based on what is most convenient to their current legal position.

discovery requests targeted at their previous litigation positions, presumably because their inconsistent positions cannot be readily explained.

ii.   LHCI Has Not Been Established as Plaintiff's Employer

Whether an entity is an employer is a question of fact that must be established through evidence or pleadings. *See Liu v. Millenium Motors Sport, LLC*, No. 17 Civ. 6438 (RPK) (RER), 2021 WL 4268136, at *3 (E.D.N.Y. May 24, 2021) (report and recommendation adopted 2021 WL 3463193 (Aug. 6, 2021) (Kovner, J.) ("[a]s a threshold matter [p]laintiff must establish that a non-exempt employer-employee relation existed"). NYLL § 190(3) defines an employer as "any person, corporation limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

District courts within the Second Circuit determine whether an employer relationship exists under the NYLL using the same formula as the FLSA. *See Mendez*, 564 F. Supp. 3d at 207 (citing *Napoli v. 243 Glen Cove Ave. Grimaldi, Inc.*, 397 F. Supp. 3d 249, 263 (E.D.N.Y. 2019)). The Second Circuit has dictated a four-factor test that determines the "economic reality" of a putative employment relationship, examining whether an alleged employer: had the power to hire and fire employees; supervised and controlled employee work schedules and/or conditions of employment; determined the rate and method of payment; and maintained employment records. *See Napoli*, 397 F. Supp 3d at 264 (citing *Barfield v. N.Y. City Health and Hosps. Corp.* 537 F. 3d 132, 142 (2d Cir. 2008)). Here, Defendants have at no time alleged or established any of these factors with respect to LHCI, or that LHCI meets the definition of employer under NYLL § 190(3).

Moreover, Defendants have not pointed to any allegations or evidence that Plaintiff's employer was at any time LHCI. Instead, it is clear that as "Lowe's Home Centers, Inc. does not exist," and after November 2013, Lowe's Home Centers, Inc. did not employ anyone. *See* ECF

5

No. 21-2, pg. 5, ¶ 5; Ridley Dep. ¶ 19:20 – 20:04; 27:11 – 28:24. Undoubtedly, an organization that does not exist cannot meet any factor of the economic reality test. Plaintiff simply could not have been employed by a defunct entity that is not authorized to do business in New York.

iii.   Defendants' Reliance on NYLL § 219 is Mistaken

Defendants turn to NYLL § 219(4), to argue that LHCI's authorization should be transferred to Defendants.  However, a plain reading of NYLL § 219(4) reveals that it is not applicable to the current matter. This statute seeks to protect workers who's "**prior employer**" committed wage theft. *See* NYLL § 219(4) (emphasis added). Clearly, the statute's intent is to protect workers from an employer escaping liability from wage theft, not to defend employers from wage claims. *See* NYLL § 219(4). As Plaintiff was never employed by LHCI, he could never establish that they were his "prior employer" or liable to him in any way. It stands to reason that Defendants should not be allowed to use this statute to shield themselves from Plaintiff's claims.

**B.  Whether Plaintiff Was Employed by LHCI is Not a Question of Internal Affairs**

Defendants continue to request that this Court look to North Carolina Law to determine whether LHCI's exemption from the NYDOL applies to Defendants' employment of manual workers in New York. However, it is clear that whether LHCI is Plaintiff's employer is purely a question of state law, not a matter concerning Defendants' "relationships *inter se* of the corporation, its directors, officers and shareholders" *See New Greenwich Litigation Trustee, LLC v. Citco Fund Services (Europe) B.V.*, 145 A.D. 3d 16, 22 (1st Dept. 2016) (internal citation omitted) (refusing to apply the internal affairs doctrine because it has "very few specific applications"). In fact, New York takes a "narrower" view of the internal affairs doctrine, and it is only applied as one factor in an analysis of "where the law of the state with the greatest interest in the issue governs." *See Tyco Int'l, Ltd. v. Kozlowski,* 756 F. Supp. 2d 553, 560 (S.D.N.Y. 2010)

(internal quotation omitted). Plainly, the issue of who a worker's employer is for the purposes of the NYLL is a question that New York has the greatest interest in determining.

Defendants' cites to *Schiff v. ZM Equity Partners, LLC* and *Treeline 1 OCR, LLC v. Nassau Cnty. Indus. Dev. Agency* are inapposite. *Schiff* focused on a defendant's capacity to be sued by a New York plaintiff after its dissolution. *See* No. 19 Civ. 4735, 2020 WL 5077712, at *3 (S.D.N.Y. Aug. 27, 2020). However, *Schiff* did not concern the internal affairs doctrine, because the court looked to N.Y. LLC Law § 801(a), which clearly states "the laws of the jurisdiction under which a foreign limited liability company is formed govern … the liability of its members." Here, the only question is whether LHCI qualifies as Plaintiff's employer under the NYLL, which is squarely a question under New York's law. Similarly, the Third Department only looked to whether the defendants had the capacity to be sued under Texas Law in *Treeline*. *See* 82 A.D. 748, 551 (N.Y. App. Div. 3d Dept. 2011). Again, this fits squarely into N.Y. LLC Law § 801(a). However, nowhere in New York's statutory scheme is a provision that instructs a court to look into another state's employment law to determine whether an entity qualifies as an employer.

Instead, New York law makes it clear that LHCI is not authorized to do business in New York, and that LHCI therefore could not have been Plaintiff's employer. New York's Business Corporation Law, Article 13 concerns the governance of foreign corporations in New York and mandates that when an incorporation surrenders its authorization to do business in New York, it may no longer conduct business in the state. *See* N.Y. Bus. Corp. Law § 1302. In fact, Plaintiff would have no way to establish jurisdiction over LHCI in New York. In fact, LHCI's surrender of authority on November 15, 2013 left Plaintiff no way to establish personal jurisdiction over LHCI. Plaintiff was not employed by Defendants until approximately May 2016, over two years after the surrender of authority. *See* N.Y. Bus. Corp. Law § 1310(5) (allowing service of process to be

served on the secretary of state for any foreign corporation that has filed its certificate of surrender only if the "liability or obligation incurred by it within this state **before** the filing of the certificate of surrender") (emphasis added). Even under North Carolina law, Plaintiff does not possess an avenue to secure personal jurisdiction over LHCI. *See* N.C. Gen. Stat. § 55-11A-10 *et seq.* Accordingly, LHCI could not be Plaintiff's employer under New York Law.

### C. Defendants Made Practically Zero Effort to Comply with the NYLL

Defendants scramble now to state that the exemption granted to LCHI should be valid as to Plaintiff's actual employer, Lowe's Home Centers LLC. However, following the surrender of authority to do business in New York by LHCI, Defendants took almost no steps to ensure that they were in compliance with the NYLL. In this regard, Defendants' 30(b)(6) witness testified that he was unaware of any consultations with any attorney regarding Defendants' obligations to satisfy the requirements of NYLL § 191 following the conversion from Lowe's Home Centers, Inc. to Lowe's Home Centers, LLC. *See* Green Dep., ¶ 28:18 – 33:22. This is despite the fact that Lowe's employs over 40 attorneys. See *id.*, ¶ 29:24 – 30:02.

Defendants also did not reach out to the NYDOL to clarify their position or apply for an exemption for Lowe's Home Centers, LLC:

> Q: At any point after that conversion was any request made to the Department of Labor of New York in writing asking for the authorization to pay manual workers biweekly? It's a yes-or-no question.
>
> A: No additional request was made after the conversion.

*See* Green Dep. ¶ 22:25-23:07 (objection omitted). Defendants only simply informed the NYDOL of the entity change, but it is not the job of the NYDOL to proactively inform Defendants of their responsibilities under the NYLL. Defendants' abject failure to do any due diligence should not be

rewarded by the Court, and it certainly precludes Defendants from establishing that there is no dispute of material fact on the applicability of the exemption.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion for Summary Judgment should be denied in its entirety.

Dated: New York, New York
      July 15, 2022

Respectfully submitted,

/s/ Brian S. Schaffer
Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Hunter G Benharris
28 Liberty Street
New York, New York 10005
Telephone: (212) 300-0375

*Attorneys for the Plaintiff and putative class*