Lynn A. Kappelman, Esq.
Howard M. Wexler, Esq.
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500
hwexler@seyfarth.com
lkappelman@seyfarth.com
Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------- X
SERGE RODRIGUE, individually and behalf : 
of all others similarly situated, :
: 
               Plaintiff, :   Civil Action No. 1:20-cv-01127-RPK-
:   RLM
    v. : 
:   Oral Argument Requested
LOWE'S HOME CENTERS, LLC, and : 
LOWE'S COMPANIES, INC., :   Date of Service:  August 12, 2022
: 
              Defendants. :
: 
---------------------------------------------------------- X

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**THEIR MOTION FOR SUMMARY JUDGMENT**

85770454v.2

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

I.  The Authorization Provided to Home Centers, Inc. Continues to be Vested in
    Home Centers, LLC .................................................................................................. 2

    A.  *North Carolina Law Applies to the Central Question of this Case: The
        Continuity of the Authorization from Home Centers, Inc. to Home Centers,
        LLC.* ................................................................................................................ 2

    B.  *Home Centers, LLC is a Continuation of Home Centers, Inc. and
        Plaintiff's Arguments to the Contrary are Unavailing* ........................................... 4

II. The Authorization Applied to Home Centers, LLC and Defendants Complied with
    the Labor Law. ........................................................................................................... 5

CONCLUSION ............................................................................................................................... 7

85770454v.2

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*New Greenwich Litigation Trustee, LLC v. Citco Fund Services (Europe) B.V.*,
    145 A.D. 3d 16 (1st Dept. 2016).................................................................................................3

*Schiff v. ZM Equity Partners, LLC*,
    No. 19CV4735, 2020 WL 5077712 (S.D.N.Y. Aug. 27, 2020) ...........................................3, 4

*Treeline 1 OCR, LLC v. Nassau Cnty. Indus. Dev. Agency*,
    82 A.D.3d 748, 918 N.Y.S.2d 128 (2d Dept. 2011) ..............................................................3, 4

*Tyco Int'l, Ltd. v. Kozlowski*,
    756 F. Supp. 2d 553 (S.D.N.Y. 2010)........................................................................................3

**Statutes**

NY Limit Liab Co § 801(a) ....................................................................................................2, 3, 4

NYLL § 191....................................................................................................................................6

NYLL § 191(1)(a)(ii).......................................................................................................................2

NYLL § 219....................................................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)...................................................................................................................1

Fed. R. Civ. P. 56............................................................................................................................6

Lowe's Home Centers, LLC ("Home Centers, LLC") and Lowe's Companies, Inc. ("Companies, Inc.") (collectively, "Defendants"), by and through their attorneys, respectfully submit this Reply Memorandum of Law in Support of their Motion for Summary Judgment to dismiss the Amended Complaint ("Amended Complaint") of Plaintiff ("Plaintiff" or "Rodrigue"), pursuant to Federal Rule of Civil Procedure 56.

## PRELIMINARY STATEMENT

Home Centers, LLC is properly authorized to pay manual workers bi-weekly. As a result, Plaintiff, who purports to be a manual worker, fails to assert facts that establish cognizable claims against Defendants for violations of the New York Labor Law ("NYLL" or the "Labor Law").

North Carolina law governs and makes clear that the conversion of Lowe's Home Centers, Inc. ("Home Centers, Inc.") from a corporation to a limited liability company, Home Centers, LLC, did not terminate the existence of the Home Centers, Inc. And Home Centers, Inc.'s property continues to be vested in Home Centers, LLC. Such property includes the authorization granted to Home Centers, Inc. by the Commissioner of Labor of the State of New York, permitting bi-weekly pay to manual workers (the "Authorization").

For these and other reasons set forth below, and in Defendants' Memorandum of Law in Support, Defendants respectfully submit that the Court should grant Defendants' motion in their favor, and dismiss Plaintiff's Amended Complaint in its entirety and with prejudice.

**ARGUMENT**

I.  **The Authorization Provided to Home Centers, Inc. Continues to be Vested in Home Centers, LLC**

   A.  *North Carolina Law Applies to the Central Question of this Case: The Continuity of the Authorization from Home Centers, Inc. to Home Centers, LLC.*

The central question posed in this litigation is straightforward: did the Authorization provided to Home Centers, Inc. continue to be vested in Home Centers, LLC when the entity converted its organizational structure? Under controlling North Carolina law, the answer to this question is equally straightforward: the conversion of an entity from a corporation to a limited liability company does not terminate the existence of the entity, and property such as the Authorization continues to be vested in the limited liability company. *See* Defs. Mem. at 9. Plaintiff re-casts this question to a straw man of "whether [Home Centers, Inc.] is Plaintiff's employer," and purports to apply New York law to the question by contending that it is not a matter of the LLC's "internal affairs." Opp. at 6. In so answering, Plaintiff ignores two thirds of New York's LLC law, which also applies home state law to an LLC's "organization" and the "liability of its members and managers[.]" NY Limit Liab Co § 801(a). Furthermore, Plaintiff does not, and cannot, argue that the application of North Carolina law is anything other than fatal to his claim. The Court should apply North Carolina law and grant summary judgment dismissing Plaintiff's claim.

New York's LLC law provides for three separate instances when the home state's law should apply: "the laws of the jurisdiction under which a foreign limited liability company is formed govern **its organization** and **internal affairs** and **the liability of its members and managers**[.]" NY Limit Liab Co § 801(a) (emphasis added). Plaintiff argues that New York law applies because the "question" of the case is whether Home Centers, Inc. or Home Centers, LLC was Plaintiff's "employer" for purposes of NYLL § 191(1)(a)(ii), and that this question is

2

not one of "internal affairs." Opp. at 6. This argument entirely misses the point. The question is not whether "Home Centers, Inc." employed Plaintiff, but whether it converted to Home Centers, LLC and is the same continuous entity that employed Plaintiff. And even accepting Plaintiff's contention throughout his Opposition that Plaintiff was employed by "Home Centers, LLC," it does not address whether the Authorization that was vested in Home Centers, Inc. continues to be held by this admitted "employer," Home Centers, LLC. These are plainly questions of Home Centers, LLC's "organization" (and also speak to the liability of its members) and can only be answered by looking to North Carolina Law.

Both Plaintiff's cases and his attempts to distinguish Defendants' cases suffer from the same overarching flaw: Plaintiff only discusses the applicability of North Carolina law to an LLC's "internal affairs" and ignores that home state law also applies to an LLC's organization and the liability of its members. Thus, Plaintiff's citations to *New Greenwich Litigation Trustee, LLC v. Citco Fund Services (Europe) B.V.*, 145 A.D. 3d 16, 22 (1st Dept. 2016) and *Tyco Int'l, Ltd. v. Kozlowski*, 756 F. Supp. 2d 553, 560 (S.D.N.Y. 2010) to argue that the "internal affairs" doctrine should not apply are inapposite. In *New Greenwich*, the Court looked to Delaware's "internal affairs" case law to find that a nominal plaintiff's derivative action against investment advisors was not a matter of its internal affairs (indeed, Plaintiff's citation to *New Greenwich* omits that it is a quotation of a Delaware Chancery Court case). Opp. at 6. In *Tyco*, the Court declined to apply the internal affairs doctrine where plaintiff corporations brought an action against their former CEO. Neither *New Greenwich* nor *Tyco* involved New York's LLC law Seection 801(a) or questions of an LLC's organization or the liability of its members, and neither have any bearing on this case.

3

85770454v.2

In contrast, *Schiff v. ZM Equity Partners, LLC*, No. 19CV4735, 2020 WL 5077712, at *3 (S.D.N.Y. Aug. 27, 2020) and *Treeline 1 OCR, LLC v. Nassau Cnty. Indus. Dev. Agency*, 82 A.D.3d 748, 751, 918 N.Y.S.2d 128, 131 (2d Dept. 2011) are directly on point, as both involve clear applications of New York's LLC law to find that legal questions arising out of the continuity of an LLC must apply the home state's law. Plaintiff attempts to distinguish these cases by bizarrely asserting that *Schiff* "did not concern the internal affairs doctrine, because the court looked to N.Y. [Limited Liability Company] Law § 801(a)" and making a similar statement with regard to *Treeline*. Opp. at 7. But that is the entire point: New York's LLC law *is* what applies in determining whether North Carolina law governs the continuity of the LLC and its property, including the Authorization. Here, just as in *Schiff* and *Treeline*, the application of New York's LLC law is clear: the law of the home state, North Carolina, applies to these questions.

Plaintiff does not, and cannot, argue that his claims would succeed should the Court apply North Carolina law. As discussed in more detail in Defendants' opening Memorandum of Law, under North Carolina law, Home Centers, Inc. did not dissolve when it converted to Home Centers, LLC, and the title to all property (including intangible property such as the Authorization) continues to be vested in Home Centers, LLC. *See* Mem. of Law at 7-9. Home Centers, LLC was therefore at all times duly authorized to pay Plaintiff bi-weekly, and Defendants' motion for summary judgment should be granted in full.

    **B.**    *Home Centers, LLC is a Continuation of Home Centers, Inc. and Plaintiff's Arguments to the Contrary are Unavailing*

Plaintiff's remaining arguments, which are focused on the improper inquiry of whether Home Centers, Inc. is Plaintiff's employer, are unpersuasive. First, Defendants do not change their characterization of Home Centers, Inc. depending on how it best suits them, contrary to

Plaintiff's assertion. Opp. at 4. Plaintiff's reliance on other employment matters in which Defendants have been named as Defendants to support his position misses the mark. No other litigation of which Defendants have been named as defendants precludes Defendants' arguments here because they are not inconsistent with the positions Defendants are taking in the instant motion. Home Centers, Inc. does not currently exist by that name. Moreover, none of the courts in the cases Plaintiff cites have issued rulings taking the position that Home Centers, LLC is not the legal continuation of an entity called Home Centers, Inc. entitled to all of the legal protections the government afforded to the original entity.

Second, Plaintiff misconstrues Defendants' reliance on NYLL § 219, and interprets it too narrowly. Plaintiff improperly suggests that Defendants seek to apply NYLL § 219 to shield them from Plaintiff's claims. Defendants mention NYLL § 219 in their Memorandum of Law in Support in an effort to demonstrate that the Labor Law views the term "employer" broadly, and Defendants were not applying it directly to Plaintiff's claims. NYLL § 219 is one example of how the Labor Law protects against separate entities escaping liability by mere virtue of their separateness.

**II.     The Authorization Applied to Home Centers, LLC and Defendants Complied with the Labor Law.**

Defendants have complied, and continue to comply, with the Labor Law. Because the Authorization granted Home Centers, LLC the right to pay manual workers on a bi-weekly basis, it did not need to take any further steps to do so. Plaintiff makes a baseless claim that Defendants took almost no steps to ensure that they were in compliance with the Labor Law. In May 2014, Companies, Inc. notified the New York State Department of Labor—the entity that issued the April 1999 Authorization permitting bi-weekly pay for manual workers—that "Lowe's Home Centers, Inc. . . . underwent a conversion to a Limited Liability Company under

5

the laws of North Carolina," provided it with the Certificate of Authority, and advised that the New York State Department of Taxation was previously notified of the conversion. *See* SOF ¶ 33; Wexler Decl. K at DEFS 22. Companies, Inc. did not receive a response to the May 2014 correspondence. SOF ¶ 34; Green Dep. 17:21-18:3. The New York State Department of Labor did not withdraw the April 1999 authorization to pay biweekly, nor did it direct Home Centers, LLC to re-apply for permission to pay bi-weekly.

Moreover, Plaintiff's argument that Home Centers, LLC should have applied for an exemption following the conversion is unpersuasive. An authorization under NYLL § 191 is only available to employers who have employed a certain number of employees for three years. *See* NYLL § 191. If the Authorization did not carry forward, Home Centers, LLC would not have been eligible to apply for an authorization to pay bi-weekly for <u>three</u> years, regardless of Home Centers, Inc.'s years of employing individuals in New York and paying bi-weekly. As Defendants have detailed, Home Centers, LLC continues to maintain the same business, employees, locations, liabilities and assets as Home Centers, Inc. Plaintiff's position unduly burdens employers who simply change business forms, as these employers, like Defendants, would be required to alter their payroll for three years following any business conversion to pay workers weekly. The Labor Law simply does not require that an existing business with an authorization must seek a new authorization when it changes its business form. Plaintiff reads a requirement into the law that does not exist.

Home Centers, LLC's bi-weekly pay practice is in accordance with the Authorization, and Home Centers, LLC, has complied with NYLL § 191 on a good faith basis because of the Authorization.

6

85770454v.2

## **CONCLUSION**

For the reasons set forth above and in Defendants' Memorandum of Law in Support, pursuant to Federal Rule of Civil Procedure 56, Defendants respectfully request that the Court dismiss all claims against Defendants with prejudice. Defendants also respectfully request that the Court grant Defendants their attorneys' fees and costs as well as such other and/or further relief as the Court may deem just and proper.

                                            SEYFARTH SHAW LLP
                                            Attorneys for Defendants

                                            By: */s/ Howard M. Wexler*
                                            Lynn A. Kappelman
                                            Howard M. Wexler
                                            620 Eighth Avenue, 32nd Floor
                                            New York, New York 10018
                                            Telephone: (212) 218-5500
                                            lkappelman@seyfarth.com
                                            hwexler@seyfarth.com

Dated: August 12, 2022

85770454v.2