UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SERGE RODRIGUE, individually and on
behalf of all others similarly situated,

                Plaintiff,

        v.                                   **MEMORANDUM AND ORDER**

LOWE'S HOME CENTERS, LLC; LOWE'S           22-CV-1127 (RPK) (PK)
COMPANIES, INC.,

                Defendants.
------------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

       New York Labor Law § 191(1)(a) authorizes an employer to pay manual workers biweekly, instead of weekly, if the Commissioner of the New York Department of Labor gives the employer authorization to do so. Lowe's Home Centers, Inc. ("Lowe's Home Inc."), obtained such an authorization. But the company later changed its corporate form and became Lowe's Home Centers, LLC ("Lowe's Home LLC"). Plaintiff asserts that he is a manual worker and that Lowes's Home LLC pays him biweekly. He alleges that Lowe's Home LLC is violating New York Labor Law by doing so, because the biweekly-pay authorization obtained by Lowe's Home Inc. does not cover Lowe's Home LLC. As explained below, plaintiff is incorrect, and defendants are therefore entitled to summary judgment.

## BACKGROUND

       The following facts are undisputed unless noted.

### A.    Factual Background

       On October 13, 1958—long before the events giving rise to this lawsuit took place—Lowe's Investment Corporation filed Articles of Incorporation with the North Carolina Secretary of State. Pl.'s Response to Defs.' R. 56.1 Statement ¶ 39 ("Pl.'s 56.1 Response") (Dkt. #45-1);

1

Decl. of Howard M. Wexler, Ex. J 8–9 (Dkt. #44-12).  The corporation later changed its name to Lowe's Home Centers, Inc.  Pl.'s 56.1 Response ¶ 40; *see* Decl. of Howard M. Wexler, Ex. A 11:4–8 ("Green Dep.") (Dkt. #44-3).  Lowe's Companies, Inc., a North Carolina corporation, operated as its sole parent company.  Pl.'s 56.1 Response ¶¶ 3, 5.

Lowe's Home Inc. began doing business in the State of New York in 1996.  Pl.'s 56.1 Response ¶ 1; *see* Decl. of Howard M. Wexler, Ex. O 3 (Dkt. #44-17).  Within a few years, the corporation employed more than 1,000 manual workers within the State.  Pl.'s 56.1 Response ¶ 1; Decl. of Howard M. Wexler, Ex. O 3.

In 1999, Lowe's Home Inc. submitted an "Application for Manual Worker Pay Period Extension" to the New York Department of Labor.  Decl. of Howard M. Wexler, Ex. O 3; *see* Pl.'s 56.1 Response ¶ 1.  In the application, Lowe's Home Inc. requested authorization to pay its manual workers in the State of New York with a "bi-weekly pay frequency," meaning every two weeks for two weeks of work.  Decl. of Howard M. Wexler, Ex. O 3.  The New York Department of Labor approved the application, "grant[ing] authorization for Lowe's Home Centers, Inc., to pay wages to its manual workers employed in New York State on a biweekly basis."  Decl. of Howard M. Wexler, Ex. B 2 (Dkt. #44-4); Pl.'s 56.1 Response ¶ 2.

In 2013, Lowe's Home Inc. converted its business form into a limited liability company and changed its name to Lowe's Home Centers, LLC, by filing Articles of Organization Including Articles of Conversion with the North Carolina Department of the Secretary of State.  Pl.'s 56.1 Response ¶¶ 16–17; Decl. of Howard M. Wexler, Ex. C 2–3 (Dkt. #44-5).  The North Carolina Department of the Secretary of State approved the conversion, "certify[ing] that Lowe's Home Centers, LLC is a limited liability company duly formed under the laws of the State of North

Carolina, having been formed on the 13th day of October, 1958." Decl. of Howard M. Wexler, Ex. J 6; Pl.'s 56.1 Response ¶ 18.

"[A]ll of Lowe's Home Centers, Inc.'s assets and liabilities remained with Lowe's Home Centers, LLC" through the conversion. Pl.'s 56.1 Response ¶ 37; *see* Green Dep. 17:7–18. "[T]he store processes remained the same, the payroll processing remained the same, and the bank accounts remained the same." Pl.'s 56.1 Response ¶ 37. Moreover, Lowe's Home LLC retained the same principal office location, *Id*. at ¶¶ 12, 27; the same federal employer identification number, *id*. at ¶¶ 8, 23, 38; the same North Carolina Secretary of State corporate identification number, *id*. at ¶¶ 9, 24, 38; the same New York State unemployment insurance registration number, *id*. at ¶¶ 10, 25; and the same insurance carrier identification number, *id*. at ¶¶ 11, 26. However, the conversion had federal tax implications. *See id*. at ¶ 37; Decl. of Brian S. Schaffer, Ex. A 12:23–13:08 ("Ridley Dep.") (Dkt. #45-3).

Plaintiff began working at Lowe's Home LLC in 2016 as a "Customer Service Associate." Am. Compl. ¶ 36 (Dkt. #18). He alleges in the complaint that he spends at least a quarter of his time performing physical tasks and is paid on a biweekly basis. *Id*. at ¶¶ 38–39. Plaintiff also asserts that Lowe's Home LLC employs approximately 10,000 people in New York, a majority of whom are manual workers paid on a biweekly basis. *Id*. at ¶¶ 3, 6.

**B.    Procedural Background**

Plaintiff filed the operative class action complaint against Lowe's Home LLC and Lowe's Companies, Inc. in June 2020. Plaintiff raised two claims: First, he alleged that defendants violated New York Labor Law § 191(1)(a) by paying plaintiff and other manual workers on a biweekly, rather than weekly, basis. *Id*. at ¶¶ 44–47. Second, he alleged that defendants violated

New York Labor Law § 195(3) by failing to provide plaintiff and other manual workers with accurate wage statements. *Id*. at ¶¶ 48–51.

Defendants moved to dismiss the complaint. They argued that they were entitled to pay plaintiff on a biweekly basis because the Commissioner for the New York Department of Labor had previously authorized Lowe's Home Inc. to do so. They also argued that plaintiff did not identify an inaccuracy or actionable omission in his pay statements. I dismissed the wage-statement claim, but I declined to dismiss the claim relating to biweekly pay, reasoning that defendants' arguments based on the New York Department of Labor's authorization letter were improper at the motion-to-dismiss stage because that document was not attached to the complaint or amenable to judicial notice. *See* Mem. & Order 4–8 (Dkt. #28). The parties then engaged in expedited discovery relating to the authorization-letter defense. *See id*. at 8; 9/28/2021 Minute Entry (Dkt. #33).

Defendants now move for summary judgment. They renew their argument that the New York Department of Labor's authorization letter to Lowe's Home Inc. permits defendants to pay their manual workers on a biweekly basis. *See* Mem. in Supp. of Summary Judgment 4–13 ("Defs.' Br.") (Dkt. #44). Plaintiff argues that summary judgment should be denied because the authorization letter applies to Lowe's Home Inc., and does not shield Lowe's Home LLC or its parent.

**STANDARD OF REVIEW**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a factual dispute is material if it "might affect the outcome of the suit under the governing law." *Frost v. New York City Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020). In

4

determining whether there is a genuine issue of material fact, a court evaluates the whole record, resolving all ambiguities and drawing all permissible factual inferences in favor of the non-movant. *See ibid*. A nonmoving party can survive summary judgment only if there is sufficient evidence to permit a rational trier of fact to find in that party's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

In assessing the record, I consider cited "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, [and] interrogatory answers." Fed. R. Civ. P. 56(c)(1)(A). I view "the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Tracy v. Freshwater*, 623 F.3d 90, 95 (2d Cir. 2010).

## DISCUSSION

Defendants' motion for summary judgment is granted. New York Labor Law generally requires employers to pay manual workers "weekly and not later than seven calendar days after the end of the week in which the wages are earned," but it contains an exception: the New York Commissioner of Labor "may authorize an employer . . . to pay less frequently than weekly but not less frequently than semi-monthly." New York Labor Law § 191(1)(a)(i)–(ii). The Commissioner granted such an authorization to Lowe's Home Inc. in 1999. Decl. of Howard M. Wexler, Ex. B 2; Pl.'s 56.1 Response ¶ 2. Then, in 2013, Lowe's Home Inc. converted under North Carolina law into Lowe's Home LLC. Pl.'s Mem. in Opp'n to Mot. for Summary Judgment 3–8 ("Pl.'s Br.") (Dkt. #45). Whether defendants violated New York Labor Law by paying manual workers on a biweekly basis therefore depends on whether Lowe's Home LLC is a different "employer" from its predecessor entity, Lowe's Home Inc.

5

Defendants are entitled to summary judgment because Lowe's Home Inc.'s conversion into Lowe's Home, LLC did not create a new "employer." New York Labor Law § 191(1)(a)(ii). New York Labor Law does not directly address the question of when a business that reorganizes itself becomes a new "employer." But New York law elsewhere provides that "the laws of the jurisdiction under which a foreign limited liability company is formed govern its organization and internal affairs and the liability of its members and managers." N.Y. Ltd. Liab. Co. Law § 801(a). Accordingly, courts in this Circuit have consistently applied the laws of the state in which a company is formed in order to determine the effects of that company's change of business form. *See, e.g.*, *Lucent Techs., Inc. v. Tatung Co.*, No. 02-CV-8107 (JSR), 2003 WL 402539, at *2 (S.D.N.Y. Feb. 20, 2003) (applying Delaware law in concluding that a limited liability company "is merely the 'continuation of the existence of' the [converted corporation] under a different name and in a different form") (citation omitted); *Turnwood Assocs., LLC, v. Sutton Hay Day, Inc.*, 141 N.Y.S.3d 339, 340 (Sup. Ct. 2021) (applying Delaware law in determining whether "a converted entity [is] the same entity as the original") (citation omitted); *Schiff v. ZM Equity Partners, LLC*, No. 19-CV-4735 (WHP), 2020 WL 5077712, at *3 (S.D.N.Y. Aug. 27, 2020) (applying Delaware law in determining whether a limited liability company was dissolved); *cf. Raharney Cap., LLC v. Cap. Stack LLC*, 25 N.Y.S.3d 217, 219 (Sup. Ct. 2016) ("Because a business entity is a creature of state law, the state under whose law the entity was created should be the place that determines whether its existence should be terminated."). Accordingly, the Court applies North Carolina law to determine the effects of Lowe's Home Centers, Inc.'s conversion into a limited liability company. *See* Pl.'s 56.1 Response ¶ 22 ("Lowe's Home Centers, LLC is a limited liability company organized under the laws of North Carolina.").

6

North Carolina law makes clear that Lowe's Home LLC is not a different employer from Lowe's Home Inc.  Under North Carolina law, a corporation's conversion into a limited liability company "does not constitute a dissolution or termination of the converting entity."  N.C. Gen. Stat. § 57D-9-23(b).  Rather, the company undergoing conversion "ceases its prior form of organization and continues in existence as the surviving entity."  *Id.* § 57D-9-23(a)(1).  As a result, Lowe's Home Inc. still exists as Lowe's Home LLC, even though the company has changed its name and organizational form.  *See Ramsey v. Bimbo Foods Bakeries Distrib., Inc.*, No. 5:15-CV-6 (BR), 2015 WL 1611339, at *1 n.1 (E.D.N.C. Apr. 10, 2015) (noting that a corporation and the limited liability company it converted into are "only one defendant").  Because Lowe's Home Inc. "continues in existence," N.C. Gen. Stat. § 57D-9-23(a)(1), as Lowe's Home LLC, the authorization letter to Lowe's Home Inc. applies to the restructured company despite the change of name and corporate form.

In arguing to the contrary, plaintiff principally asserts that defendants are not entitled to pay him on a biweekly basis because Lowe's Home Inc., which received biweekly pay authorization, "does not exist," and is therefore not his employer.  Pl.'s. Br. 6.  But as explained above, Lowe's Home Inc. "continues in existence," N.C. Gen. Stat. § 57D-9-23(a)(1), as Lowe's Home LLC—the company that plaintiff asserts is his employer, Am. Compl. ¶ 13.  Plaintiff cites no applicable provision of law in contending that Lowe's Home Inc. has ceased to exist, but he suggests defendants conceded the point, invoking a statement of a corporate witness that Lowe's Home Inc. "was no longer the employer" after its conversion into Lowe's Home LLC.  Pl.'s Br. 3–4 (quoting Ridley Dep. 19:20–20:04).  Plaintiff overreads that statement, however, because the corporate witness further explains—consistent with defendants' position here—that Lowe's Home Inc. "was converted to Lowe's Home LLC," meaning that it "went through an entity conversion

7

which changed . . . Lowe's Home Centers, Inc. into Lowe's Home Centers LLC." Ridley Dep. 12:8–25; *see* Defs.' Br. 9 ("Here, by operation of North Carolina law, Home Centers, Inc. *converted* to Home Centers, LLC") (emphasis in original). Read in context, the deposition excerpt that plaintiff invokes does not concede the central disputed legal question in this case.

For substantially the same reason, plaintiff fails to establish that defendants should be judicially estopped from arguing that Lowe's Home Inc. continues in existence as Lowe's Home LLC. Judicial estoppel is appropriate only if "a party's later position [is] clearly inconsistent with its earlier position" and the party "succeed[ed] in persuading a court to accept that party's earlier position." *Zedner v. United States*, 547 U.S. 489, 504 (2006) (citation omitted). Defendants have not taken a "clearly inconsistent" position in other lawsuits by arguing that Lowe's Home LLC, rather than Lowe's Home Inc., should be the named party in litigation after the company's conversion, *see* Pl.'s Br. 4, and, in any event, plaintiff has not shown that any court accepted the position that plaintiff asserts is contradictory.

## CONCLUSION

Defendants' motion for summary judgment is granted. The Clerk of Court is directed to enter judgment and close the case.

SO ORDERED.

                                            /s/ Rachel Kovner
                                            RACHEL P. KOVNER
                                            United States District Judge

Dated:        February 17, 2023
               Brooklyn, New York